FILED
United States Court of Appeals
Tenth Circuit

November 1, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

PHIL A. HUGHES,

　　　　Plaintiff–Appellant,

　　v.

OKLAHOMA DEPARTMENT OF
TRANSPORTATION; ASSOCIATION
OF CENTRAL OKLAHOMA
GOVERNMENTS; CITY OF
OKLAHOMA CITY; JOHN DOE,

　　　　Defendants–Appellees.

No. 12-6124

(D.C. No. 5:12-CV-00126-HE)

(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **ANDERSON**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Plaintiff Phil Hughes appeals from the district court's dismissal with prejudice of his pro se complaint against the Oklahoma Department of Transportation, the Association of Central Oklahoma Governments, the City of Oklahoma City, and "John Doe, a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

fictitious name intended to denote all individuals and associations, even those within the entities of the first three Defendants which are found sufficiently culpable in the conspiracies, fraud, deception and acts of concealment brought about by the first three Defendants such as to justify inclusion as Defendants in this Action." (R. at 44-45.) The allegations in Plaintiff's complaint all arise from the decision by state and local officials not to adopt the light rail system Plaintiff proposed for Oklahoma City: Plaintiff alleges that Defendants violated the First Amendment and federal criminal and transportation statutes by implementing a less desirable transportation system and by disseminating fraudulent information about this system to other government agencies and the public. The district court warned Plaintiff that his complaint failed to allege a violation of a federal right and that his claims needed to be based on injuries to his own rights or interests. Plaintiff amended his complaint in response, but the district court concluded that the amended complaint still failed to allege a cognizable claim for relief. After explaining how Plaintiff's complaint was deficient, the court provided him with one further opportunity to amend his complaint. However, Plaintiff chose not to amend his complaint. The district court therefore dismissed the action with prejudice.

On appeal, we agree with the district court's conclusion that the complaint was subject to dismissal because Plaintiff only asserted a general public injury, not a particularized injury to his own rights or interests. However, because his failure to assert a particularized injury affected Plaintiff's Article III standing, we conclude that the complaint should have been dismissed without prejudice for lack of jurisdiction.

In his complaint, Plaintiff asserts a generalized injury to Oklahoma City residents based on Defendants' selection of an allegedly inferior mass transit system and their alleged misrepresentations about this decision. This is not the type of concrete, particularized injury required to establish Article III standing. *See Comm. to Save the Rio Hondo v. Lucero*, 102 F.3d 445, 449 (10th Cir. 1996); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992) ("By particularized, we mean that the injury must affect the plaintiff in a personal and individual way."). Plaintiff also asserts injury to the United States based on Defendants' alleged misuse of federal transportation funds. However, we conclude Plaintiff may not assert claims based on the alleged injury to the United States: Plaintiff has not brought this claim as a qui tam action; his allegations of fraud against the United States appear to be based on publicly disclosed information rather than on his own direct and independent knowledge, *see United States ex rel. Precision Co. v. Koch Indus.*, 971 F.2d 548, 553 (10th Cir. 1992); and the circuits that have considered the question have all concluded that a pro se litigant may not maintain a qui tam suit on behalf of the United States, *see Timson v. Sampson*, 518 F.3d 870, 873-74 (11th Cir. 2008) (per curiam) (citing cases from the Seventh, Eighth, and Ninth Circuits). Because Plaintiff has not alleged that he sustained any specific, particularized injury as a result of Defendants' actions, he has not established Article III standing, and the district court therefore lacked jurisdiction to make any determination on the merits of the case. The case should therefore have been dismissed without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1217 (10th Cir. 2006).

Thus, although we agree with the substance of the district court's decision, we **REVERSE** and **REMAND** with instructions for the district court to enter an order dismissing Plaintiff's complaint without prejudice. Plaintiff's pending motions for injunctive relief, suspension of the rules, and authorization to file a reply brief out of time are all **DENIED**.

Entered for the Court


Monroe G. McKay
Circuit Judge