**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 10, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BENJAMIN WILLIAM FAWLEY,

Plaintiff - Appellant,

v.

GEO GROUP, INC.; GREGG
MARCANTEL, in his official capacity as
Secretary for the New Mexico Department of
Corrections; DWAYNE BURRIS,
Correctional Officer; FNU WIGGINS,
Correctional Officer,

Defendants - Appellees.

No. 13-2085
(D.C. No. 2:11-CV-00181-LH-KBM)
(D. New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **O'BRIEN** and **GORSUCH**, Circuit Judges.

---

[*] After examining appellant's brief and the appellate record, and appellant's motion requesting oral argument, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Benjamin W. Fawley, appearing pro se, appeals the district court's grant of summary judgment. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm, except in one minor respect.

Mr. Fawley, a Virginia convict in the custody of the New Mexico Corrections Department (NMCD) at the Lea County Correctional Facility (LCCF), brought a civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional right to access the courts. Defendants are officials of the NMCD and LCCF and a contract provider of prison services.

The United States District Court for the District of New Mexico, following *Martinez v. Aaron,* 570 F.2d 317, 320 (10th Cir. 1978), ordered a report on the incidents. At Defendants' request, it treated the report as a motion for summary judgment and granted the motion.

Mr. Fawley's appeal raises three challenges to the summary judgment: (1) that the NMCD denied him access to the courts by refusing photocopying services and by seizing and reviewing his legal mail, (2) that the NMCD denied him due process by deducting funds from his prison account and transferring them to a state victim fund without providing him a hearing, and (3) that he has been denied equal protection because he has not received the same assistance from his prison in pursuing claims in Virginia courts as do Virginia convicts incarcerated in Virginia. The first challenge fails because Mr. Fawley has not presented evidence that any of the litigation allegedly impacted by Defendants' conduct was nonfrivolous. The second fails because the district court did

2

not abuse its discretion in refusing to allow Mr. Fawley to amend his complaint to add the due-process claim. And the third fails because it was not raised in district court.

## I.    BACKGROUND

Mr. Fawley received a 40-year sentence in 2006 after pleading guilty to second-degree murder in Virginia. In 2009 he was transferred to the custody of the NMCD, which has retained custody since then.

While in New Mexico, Mr. Fawley brought four different court actions that are relevant to this appeal. He filed two petitions for certiorari in the United States Supreme Court, one challenging a Fourth Circuit decision rejecting his habeas petition and the other challenging the Fourth Circuit's denial of his § 1983 claim that a state grand jury had improperly indicted him and the state trial court had held a hearing without his being present. The Clerk of the United States Supreme Court returned both of Mr. Fawley's petitions because he did not submit a notarized affidavit or declaration of indigency and did not submit the lower court opinions. Mr. Fawley alleges that his failure was the result of NMCD policy denying photocopying rights to those more than $300 in arrears. He also pursued two cases in Virginia courts, a petition for a writ of mandamus in the state supreme court and a consolidated petition for writ of coram nobis and claim of fraud upon the court in Mathews County Circuit Court. NMCD officials denied Mr. Fawley's requests to make photocopies for these actions on the ground that his claims were not "qualified legal claim[s]" under NMCD policy because they were not claims in the courts of New Mexico, the Tenth Circuit, or the United States Supreme Court. R., Vol. IV at

3

413 (Proposed Findings & Recommended Disposition at 46, *Fawley v. GEO Group, Inc.*, No. 11-0181 LH/KBM (D.N.M. Mar. 18, 2013)).

Also of relevance, it appears that Mr. Fawley received two boxes of legal mail that were opened to determine if they contained contraband but not to review the content of the documents.

## II.    ACCESS TO COURTS

Mr. Fawley alleges that he was denied access to the courts in that (1) he was denied photocopying rights because his account was more than $300 in arrears, (2) he was denied photocopying rights on the ground that his claims were not qualified legal claims, and (3) his legal mail was seized and opened. The district court's opinion asserted multiple reasons for denying all these claims. We need address only the district court's determination that Mr. Fawley's underlying claims were frivolous.

Prisoners have a constitutional right of meaningful access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). But the right of access to the courts is implicated only if the underlying claim is nonfrivolous, arguable, and "more than hope." *Christopher v. Harbury*, 536 U.S. 403, 415–16 (2002).

The district court correctly concluded that the claims underlying the certiorari petitions were time-barred and otherwise procedurally defective. The court also correctly concluded that Mr. Fawley's state-court actions were frivolous because the claims were contrary to prior rulings of the Supreme Court of Virginia. Mr. Fawley presents no argument and cites no authority to contest the court's conclusion that his claims were

4

frivolous. He only reiterates his bald claim that NMCD policies are unconstitutional. Thus we deny Mr. Fawley's claim that he has been denied access to the courts.

## III. DUE PROCESS

Mr. Fawley moved to amend his complaint to include a claim that the NMCD denied him due process of law by taking deductions from his prison earnings for the New Mexico Victim's Fund without granting him a hearing. The district court denied the motion to amend because his "claim is foreclosed by pertinent case law." R., Vol. I at 166 (Memorandum Op. & Order at 4, *Fawley*, No. 11-0181 LH/KBM (D.N.M. Sept. 21, 2011)). We review the denial for abuse of discretion. *See Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010).

Mr. Fawley cites no authority supporting his due-process claim. And an unpublished opinion of this court has rejected an identical claim. *See Brady v. Tansy*, 13 F.3d 404 (10th Cir. 1993) (unpublished table decision). Because the amendment would have been futile, the court properly denied it. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

## IV. EQUAL PROTECTION

Mr. Fawley alleges on appeal that he has been denied equal protection because the NMCD will not assist him in pursuing claims in courts outside New Mexico as he would be assisted if incarcerated in Virginia. But because he did not raise an equal-protection claim in district court, we do not address it here. *See United States v. Jarvis*, 499 F.3d 1196, 1201 (10th Cir. 2007) ("[A] litigant's failure to raise an argument before the district

court generally results in forfeiture on appeal . . . .").

## V. FAILURE TO SERVE DEFENDANT WIGGINS

On one point, however, we cannot affirm the district court's decision. The court's dismissal of the claim against all Defendants, including Defendant Wiggins, was with prejudice. But Wiggins was not served with process. Because Wiggins was never served, the court lacked personal jurisdiction over him. *See Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Accordingly, any dismissal of the claim against him must be without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216, 1218 (10th Cir. 2006).

## VI. CONCLUSION

We AFFIRM the summary judgment below except that we remand to the district court to revise the judgment in favor of Wiggins to a dismissal without prejudice. We GRANT Defendants' motion to strike Mr. Fawley's supplemental briefing.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

6