FILED
United States Court of Appeals
Tenth Circuit

August 4, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JOSEPH DICESARE,

    Plaintiff - Appellant,

v.

MARILYN KAY MCANALLY;
DELRAIN MCANALLY; B. K.
MCANALLY; CINDY DICESARE;
CLINTON HASTINGS; TERRILL
CROSSON; SCOTT WALTON;
MORGAN POWELL; STAN BROWN;
UNKNOWN CITY POLICE OFFICER
(BLUE BOY); UNKNOWN DEPUTY
(CHAINED DOG); EDDY RICE;
AMANDA HOWELL; ROBERT
SEACAT; ROGERS COUNTY,
OKLAHOMA,

    Defendants - Appellees.

No. 15-7064
(D.C. No. 6:15-CV-00210-FHS)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT***

_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.

_____

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Joseph DiCesare filed suit in the United States District Court for the Eastern District of Oklahoma against numerous defendants, complaining of treatment to his deceased mother and himself. Among the many acts of misconduct alleged in the complaint are some that occurred in the state-court probate proceeding that settled his mother's estate and in the issuance of a protective order against him to prevent his contact with his sister except through counsel. After deciding that the complaint was challenging only the protective order and the probate judgment, the district court determined that it was barred by the *Rooker-Feldman* doctrine from exercising jurisdiction and dismissed the case. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Plaintiff appeals the dismissal.

We agree with the district court only in part. Under the *Rooker-Feldman* doctrine the lower federal courts are barred from reviewing final state-court judgments because federal appellate jurisdiction over state courts is exclusively the province of the United States Supreme Court. *See Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam). But the Supreme Court has signaled that this jurisdictional bar is a narrow one. *See id.* at 464 ("Neither *Rooker* nor *Feldman* elaborated a rationale for a wide-reaching bar on the jurisdiction of lower federal courts, and our cases since *Feldman* have tended to emphasize the narrowness of the *Rooker–Feldman* rule."). It "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*

2

*Corp.*, 544 U.S. 280, 284 (2005). "The essential point is that barred claims are those complaining of injuries caused by state-court judgments." *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012) (internal quotation marks omitted). "In other words, an element of the claim must be that the state court wrongfully entered its judgment." *Id.*

Giving Plaintiff's complaint the liberal construction afforded pro se pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) ("[A]llegations of the *pro se* complaint [must be held] to less stringent standards than formal pleadings drafted by lawyers."), we cannot say that all the claims are necessarily barred by *Rooker-Feldman*. Some of the alleged misconduct (such as the theft of his mother's property) predated the state-court proceedings. And the prayer for relief is so vague that we cannot tell whether Plaintiff seeks only to set aside the protective order and the probate judgment. We can therefore affirm the *Rooker-Feldman* dismissal only insofar as the complaint seeks to set aside the probate judgment and protective order or to obtain equivalent relief (such as requiring those who benefited from the judgment to disgorge their gains).

The defendants, however, argued below, as they do on appeal, that to the extent the district court had jurisdiction, the complaint failed to state a cause of action. We agree.

Plaintiff's complaint raises three federal claims. Two (titled "Count II" and "Count III") appear to be under 42 U.S.C. § 1985(2). In Count II, Plaintiff alleges that all the named defendants conspired to obstruct justice (apparently focusing on the protective-order hearing) through perjury, intimidation and other tactics; and in Count III

3

he alleges that the defendants conspired to obstruct justice (apparently focusing on the probate proceeding) by failing to inform him of the proceeding, denying him the ability to testify, and submitting false documents and testimony. But there is a missing element. To state a claim under § 1985, Plaintiff had to allege racial discrimination or the like. *See Jones v. Norton*, 809 F.3d 564, 578 (10th Cir. 2015) ("Among other elements, [§ 1985(2) and (3)] require a showing of some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." (internal quotation marks omitted)). No such allegation appears in the complaint. Plaintiff has failed to state a claim under § 1985.

Plaintiff's remaining claim (titled "Count I") is brought under 42 U.S.C. § 1983. He alleges that his family members neglected, stole from, and intentionally inflicted emotional distress on his mother when caring for her during her final years. And he alleges that other defendants, including two attorneys, were complicit in this mistreatment. Again, however, he omits an essential element of his claim. To state a claim under § 1983, the complaint must allege that defendants acted "under color of state law." *Polk Cnty. v. Dodson*, 454 U.S. 312, 315 (1981) (internal quotation marks omitted). Plaintiff contends that the two defendant attorneys were acting under color of state law because Oklahoma law makes attorneys "officers of courts." Complaint at 3–4; R. at 13–14. But "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cnty.*, 454 U.S. at 318. And while Plaintiff makes passing reference to the inaction of ten state agencies as violating his mother's rights, he does not name the agencies or list them

4

as defendants. In the 11 pages of the complaint addressing Count I, the only mention of a defendant who is a state employee is in paragraphs 16 and 17 under the heading "Count 1: Supporting facts." Paragraph 16 alleges that defendant Sheriff Scott Walton had been fired from the Tulsa Police Department for some unspecified misconduct. And paragraph 17 cross-references an earlier paragraph in the complaint alleging that Sheriff Walton had failed to respond to a letter from Plaintiff's family complaining about a delay in filing the death certificate for his mother. But the complaint does not explain how Plaintiff was injured by Walton's alleged misconduct. Because there are no other allegations in Count I of injurious misconduct under color of law, the count fails to state a claim.

The other issues noted in Plaintiff's opening brief can be disposed of summarily. First, he argues that there were ex parte discussions between the district court and the attorneys for the defendants. But he fails to allege any evidence of such communications, relying only on conclusory statements such as "it just stands to reason," Aplt. Br. at 7, and on a minute order granting one defendant additional time. Second, he argues that he was not given the process due him because the district court issued its order to show cause why it should not dismiss the complaint for lack of jurisdiction only 11 days after receiving his voluminous briefing and materials. But the district court's promptness does not indicate that it gave short shrift to Plaintiff's arguments, and its orders show that it gave the matter close attention. Third, he argues that the district court acted as "an active advocate for the defense" in issuing the show-cause order. Aplt. Br. at 8. But the district court had the duty to assure itself of federal jurisdiction before proceeding with the case. The show-cause order was entirely proper. Fourth, Plaintiff asserts that several

5

defendants are in default.  But he admits that he never sought a default judgment, so the matter was not before the district court.  Fifth, his contention that the district court erred in not admonishing the defendants' attorneys for alleged misconduct is devoid of specifics.  Finally, Plaintiff argues that the district court failed to rule on several of his motions.  But these motions became moot upon dismissal of the case; and because we affirm that decision, they remain so.

We AFFIRM the district court's dismissal of Plaintiff's complaint.  To the extent the dismissal was for lack of jurisdiction, however, it must be a dismissal without prejudice.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice.").  We therefore REMAND for correction of the judgment in that respect.

Entered for the Court


Harris L Hartz
Circuit Judge