**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

B. L. BRERETON,

      Plaintiff-Appellant,

  v.

BOUNTIFUL CITY CORPORATION,
a government entity; BARBARA
HOLT, Bountiful City Councilwoman;
JOHN PITT, Bountiful City
Councilman; RICHARD HIGGINSON,
Bountiful City Councilman; FRED
MOSS, Bountiful City Councilman;
TOM TOLMAN, Bountiful City
Councilman; PAUL RAPP, Bountiful
City Chief of Police; J. C.
YNCHAUSTI, Bountiful City
Prosecutor; JOE JOHNSON, Bountiful
City Mayor,

      Defendants-Appellees.

No. 05-4067

---

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH
### (D.C. No. 1:04-CV-139-PGC)

---

Submitted on the briefs:[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of

(continued...)

Brian M. Barnard, James L. Harris, Jr., Utah Legal Clinic, Salt lake City, Utah for Appellant.

David L. Church, Blaisdell and Church, Salt Lake City Utah; Russell L. Mahan, Bountiful City Attorney, Bountiful, Utah for Appellees.

---

Before **TYMKOVICH**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

---

**PORFILIO**, Circuit Judge.

---

B.L. Brereton brought this complaint challenging a Bountiful City, Utah parking ordinance. The district court concluded that Mr. Brereton lacked standing to pursue the action. It dismissed Mr. Brereton's complaint with prejudice, denied his motion for new trial, and denied him leave to file a second amended complaint. On appeal, Mr. Brereton challenges the "with prejudice" aspect of the dismissal. We affirm the district court's judgment insofar as it dismisses the action, but remand to the district court to modify the dismissal to be without prejudice.

## FACTS

At the time Mr. Brereton filed his complaint, the challenged ordinance read in pertinent part as follows:

---

*(...continued)
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

It is unlawful to park in any parking lot or on other property owned by the City any car, truck, motorcycle, motor home, trailer, boat or other vehicle of any description for the purpose of advertising or of selling that vehicle.

It is unlawful to park in any private parking lot or on other private property any car, truck, motorcycle, motor home, trailer, boat or other vehicle of any description for the purpose of advertising or of selling that vehicle, without the consent of the owner.

Bountiful City Code 13-1-103(4)(a), (b).

In his complaint, Mr. Brereton asserted that he was a resident of Salt Lake City, Utah, who owned a motor vehicle that he desired to sell. He had determined that an effective manner in which to sell his vehicle would be to place a "For Sale" sign in the vehicle window containing truthful information about the vehicle. He had refrained from parking and/or operating the vehicle in Bountiful City with such a sign in the window, however, even though he wished to do so, because he feared prosecution under Bountiful City Code 13-1-103. Mr. Brereton further asserted that although he had driven his vehicle in other Utah cities with the "For Sale" sign in the window, he had removed the sign when driving and parking in Bountiful City. [2] His complaint charged that the ordinance violated the First Amendment and the Utah Constitution.

_____

[2]     Mr. Brereton later filed an affidavit, in connection with his motion for preliminary injunction, swearing to essentially the same factual allegations.

Shortly after Mr. Brereton served his complaint on the defendants, the City amended the first of the two quoted subsections to read as follows:

> It is unlawful to park in any parking lot or on other property ( *not including public streets* ) owned by the City any car, truck, motorcycle, motor home, trailer, boat or other vehicle of any description for the purpose of advertising or of selling that vehicle.

Bountiful City Code 13-1-103(4)(a) (as amended by Bountiful City Ordinance No. 2004-19, Oct. 12, 2004). Mr. Brereton then filed an amended complaint that set forth essentially the same facts in his original complaint, adding the fact of the amendment to the ordinance, which (the amended complaint opined) had not cured its constitutional infirmities.

The defendants filed a response to the complaint in which they asserted, among other things, that Mr. Brereton lacked standing to bring the action. In their response to his motion for preliminary injunction, they again denied that Mr. Brereton had standing to bring both a facial or an "as applied" challenge to the ordinance. The district court agreed. Characterizing Mr. Brereton's challenge as a "pre-enforcement facial challenge to a regulation of commercial speech," Aplt. App. at 87, the district court found that Mr. Brereton had failed to demonstrate a genuine threat that the allegedly unconstitutional ordinance would be enforced against him. It dismissed the case in its entirety for lack of jurisdiction.

Mr. Brereton moved for a new trial under Fed. R. Civ. P. 52, 59 and 60. He asserted that the action had been improperly dismissed because "standing was never briefed by either party." Aplt. App. at 95-96. He further asserted that the dismissal should have been without prejudice and that he should have been given leave to amend his complaint. The district court denied Mr. Brereton's motion, and he appealed.

## ANALYSIS

We review standing questions de novo. *Higganbotham v. Okla. ex rel. Okla. Transp. Comm'n*, 328 F.3d 638, 641 (10th Cir. 2003). To the extent that Mr. Brereton asserts that the district court did not give him adequate notice concerning the standing issue, we reject this claim because the facts in the record show that he did receive adequate notice that standing was at issue.

We turn, then, to the primary issue in this case: whether the dismissal the district court entered should have been without prejudice. Because this is an issue that has produced some confusion within the bench and bar, a careful reiteration of the applicable principles may be helpful.

A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice. *See, e.g., Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004); *Martinez v. Richardson*, 472 F.2d 1121,

-5-

1126 (10th Cir. 1973) ("It is fundamental . . . that a dismissal for lack of jurisdiction is not an adjudication of the merits and therefore . . . must be without prejudice."). *See also* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2373, at 406 (2d ed. 1995). Since standing is a jurisdictional mandate, a dismissal with prejudice for lack of standing is inappropriate, and should be corrected to a dismissal without prejudice. *County of Mille Lacs v. Benjamin*, 361 F.3d 460, 464-65 (8th Cir.), *cert. denied*, 125 S.Ct. 408, 454 (2004).

This rule has deep common law roots, and is preserved now in Fed. R. Civ. P. 41(b). *See Costello v. United States*, 365 U.S. 265, 285-86 (1961). Rule 41(b) provides as follows:

> (b) **Involuntary Dismissal: Effect Thereof**. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, *other than a dismissal for lack of jurisdiction*, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits. (emphasis added).

Courts have acknowledged two important analytical reasons for requiring that a dismissal on jurisdictional grounds be without prejudice. First, dismissal with prejudice is inappropriate because such a dismissal may improperly prevent a litigant from refiling his complaint in another court that does have jurisdiction.

-6-

*Gold v. Local 7 United Food & Comm'l Workers*, 159 F.3d 1307, 1311 (10th Cir. 1998). Second, and perhaps more essentially, once a court determines it lacks jurisdiction over a claim, it perforce lacks jurisdiction to make any determination of the merits of the underlying claim. *Id.* (applying *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)); *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004). [3]

The continuing validity of the first of these principles has recently been qualified, if not disavowed, by a panel of this court. *See Styskal v. Weld County Bd. of County Comm'rs*, 365 F.3d 855 (10th Cir. 2004). *Styskal*, while not purporting to overrule our prior authority on this question, nevertheless concludes that the Supreme Court's opinion in *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001) has effectively undermined the preclusion rationale that supported the "without prejudice" requirement. *Styskal*, 365 F.3d at 858 ("The premise underlying these decisions is that a dismissal of a claim *with* prejudice necessarily has claim-preclusive effects in other jurisdictions. . . .That premise, however, was recently rejected by the United States Supreme Court [in

---

[3]     We view these rationales as separate and distinct, though on occasion they have been combined into a single rationale, focusing attention more on the preclusive effect of such a dismissal. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("The reason for this practice [of dismissing without prejudice] apparently has been the belief that a dismissal with prejudice has claim-preclusive effects *that cannot be afforded a decision by a court without jurisdiction*.") (emphasis added).

*Semtek* ]."). Because the broad language in *Styskal* concerning *Semtek*'s effect on jurisdictional dismissals has the potential to create some confusion, we take this opportunity to clarify our law on this subject.

To begin with, *Semtek* must be read within its factual and analytical context. The facts underlying the Supreme Court's decision in *Semtek* were these. The District Court for the Central District of California had entered a dismissal of an action time-barred under California's two-year statute of limitations "on the merits and with prejudice." *Semtek*, 531 U.S. at 499. The plaintiff attempted to re-file the action in Maryland state court, where it was not time-barred under that state's more generous three-year limitations statute. The Maryland Court of Special Appeals found that the California federal court dismissal "on the merits" barred the complaint from proceeding in state court. The issue before the Supreme Court was "whether the claim-preclusive effect of a federal judgment dismissing a diversity action on statute-of-limitations grounds is determined by the law of the State in which the federal court sits." *Id.*

The defendant in *Semtek* contended that Rule 41(b), which provides the default rule *in federal court* for determining when a judgment represents an "adjudication on the merits," also governed the issue of the preclusive effect of the prior federal judgment in state court. The Supreme Court disagreed, for three reasons. First, the use of a Federal Rule of Civil Procedure to govern the

preclusive effect of a federal judgment in state court would run afoul of both the Rules Enabling Act, 28 U.S.C. § 2072(b), and *Erie Railroad v. Tompkins*, 304 U.S. 64, 78-80 (1938). *See Semtek*, 531 U.S. at 503-04. Second, since Rule 41(b) only establishes a default rule from which the district court can depart, its use of the phrase "adjudication on the merits" does not represent a binding, "federally prescribed rule on the complex question of claim preclusion." *Id.* at 503. Finally, the phrase "adjudication on the merits," as used in Rule 41(b), while preventing refiling in the same federal court, should not be read to preclude the assertion of claims in state court in cases where the federal court has not passed upon the substantive merits of the claim. *Id.* at 502-03.

It is *Semtek*'s third rationale that forms the basis of the decision in *Styskal*. Expanding on the reasoning in *Semtek*, the *Styskal* court declined to reverse the district court's dismissal with prejudice of state-law claims over which it lacked jurisdiction. *Styskal*, 365 F.3d at 859. But in *Semtek*, the Supreme Court had dealt only with the effect of a dismissal with prejudice *on a non-jurisdictional ground*. *See Semtek*, 531 U.S. at 501 (noting that district court's dismissal "did not pertain to the excepted subjects of jurisdiction, venue, or joinder"). The Supreme Court did not indicate any intention to do away with the general rule, reflected in Rule 41(b) and endorsed in its prior decision in *Costello*, that a dismissal for lack of jurisdiction should be entered without prejudice.

It is questionable whether *Semtek*'s rationale can be extended as a general matter to endorse dismissals with prejudice for lack of jurisdiction, since such dismissals rest on an entirely separate analytical basis than the sort of dismissal addressed in *Semtek*. Quite apart from concerns over preclusion consequences, dismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims. *Fredriksen*, 384 F.3d at 438 ("A suit dismissed for lack of jurisdiction cannot *also* be dismissed 'with prejudice'; that's a disposition on the merits, which only a court with jurisdiction may render."); *see Gold*, 159 F.3d at 1311 (applying *Steel Co.*, 523 U.S. at 94).

*Styskal*, then, could not have and did not purport to overrule our prior, long-standing line of cases requiring that a dismissal for lack of jurisdiction be without prejudice. Rather, we read *Styskal* only to say that where a federal court erroneously dismisses "with prejudice" claims over which it lacks jurisdiction, a state court need not be blinded by this nomenclature into barring a subsequent action on the same claim that is properly brought within its jurisdiction. Read in this way, *Styskal* is entirely consistent with *Semtek*, and with our prior cases. We specifically *decline* to read *Styskal* as abrogating our duty to correct a district court disposition erroneously entered "with prejudice" on jurisdictional grounds.

-10-

While leaving such a dismissal with prejudice intact might have no effect on a plaintiff's attempt to bring his claim in state court, it is our responsibility to correct an action by the district court that exceeds its jurisdiction. *Gold*, 159 F.3d at 1311. [4]

It cannot be gainsaid that even a dismissal without prejudice will have a preclusive effect on the standing issue in a future action. *Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1248 (D.C. Cir. 1999) (stating dismissal without prejudice on jurisdictional issue precludes relitigation of that issue but not refiling of complaint). The preclusive effect, however, is one of *issue preclusion* (collateral estoppel) rather than *claim preclusion* (res judicata). Otherwise stated, the district court's standing ruling precludes Mr. Brereton from relitigating the standing *issue* on the facts presented, but does not preclude his *claim* about the validity of the ordinance. *See Matosantos Comm'l Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1209-10 (10th Cir. 2001).

We turn, finally, to another aspect of the district court's decision in this case that may reflect some confusion about this area of the law. Federal Rule of

---

[4] We note that *Styskal*, which was concerned with protecting the litigant's right to proceed in a subsequent state court action, left open the issue of whether a dismissal may properly be entered with prejudice where a plaintiff may seek to return to *federal* court. *Styskal*, 365 F.3d at 859. The possibility of such a return in this case, while presenting serious obstacles for the plaintiff under the doctrine of issue preclusion, provides another justification for requiring that a jurisdictional dismissal be without prejudice.

Civil Procedure Rule 15(a) provides that leave to amend a party's complaint "shall be freely given when justice so requires." Our case law establishes a limitation to this principle: the district court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Where a complaint fails to state a claim, and no amendment could cure the defect, a dismissal *sua sponte* may be appropriate. *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001). If such a dismissal operates on the merits of the complaint, it will also ordinarily be entered with prejudice. *See id.* at 1282.

The district court apparently concluded, relying on this line of cases, that dismissal with prejudice was appropriate here because any attempt by Mr. Brereton to amend his complaint *to allege standing* would be futile. Aplt. App. at 107-08. It thus applied the futility concept to convert a dismissal that should have been without prejudice into one with prejudice. A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile. *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997). It is important to realize, however, that denial of leave to amend and dismissal with prejudice are two separate concepts. *See generally, N. Assurance Co. of Am. v. Square D Co.*, 201 F.3d 84, 88 (2d Cir. 2000) (noting that where denial of leave to amend does not reach underlying

-12-

merits of claim, "the actual decision denying leave to amend is irrelevant to the claim preclusion analysis."). A denial of leave to amend to repair a jurisdictional defect, even on futility grounds, does not call for a dismissal with prejudice. The two concepts do not overlap in those cases where, although amendment would be futile, a jurisdictional defect calls for a dismissal without prejudice. *See Hutchinson v. Pfeil*, 211 F.3d 515, 519, 523 (10th Cir. 2000) (affirming district court's denial of leave to amend to add state law claims on futility grounds, while also affirming dismissal, apparently *without* prejudice, of entire action for lack of standing); *Bauchman ex rel. Bauchman v. West High School*, 132 F.3d 542, 549-50, 561-62 (10th Cir. 1997) (upholding district court's denial of leave to amend complaint under futility analysis, but reversing merits disposition on pendent state claims and remanding for dismissal *without prejudice* for lack of jurisdiction). The district court extended the futility principle too far in this case by dismissing with prejudice for lack of standing, since it lacked jurisdiction to make a determination on the merits of the complaint.

Mr. Brereton's failure to show that his complaint could be amended to establish standing, while justifying the denial of leave to amend his complaint,

did not justify the entry of a dismissal with prejudice of the action.  Accordingly,

we **AFFIRM**  the district court's judgment insofar as it dismisses the action, but

**REMAND**  to the district court to modify the dismissal to be without prejudice.