**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 23, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JERRY-LEE ROTH,

  Plaintiff-Appellant,

v.

WILLIAM WILDER, in his individual
capacity only; H&H FARMS, a General
Partnership; ROCCO F. MECONI, in his
individual capacity only; CYNTHIA L.
MITCHELL, in her individual capacity
only; CLIFF DUNCAN, in his individual
capacity only; TOWN OF COAL CREEK,
COLORADO; CONNIE HIGGS, in her
individual capacity only; CHARLES
HASTINGS, in his individual capacity
only; CAROL SIMMONS, in her individual
capacity only; JAMES L. BEICKER, in his
individual capacity only; RICHARD
ALTER, in his individual capacity only;
THE COUNTY OF FREMONT,
COLORADO,

  Defendants - Appellees.

No. 10-1509
(D.C. No. 1:09-CV-01939
-ZLW-BNB)
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **TACHA**, and **MURPHY**, Circuit Judges.

---

  [*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

After examining the parties' briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Jerry-Lee Roth, proceeding pro se, filed this civil rights suit against numerous individuals and Colorado governmental entities. The defendants filed multiple motions for dismissal or, in the alternative, summary judgment. The district court dismissed Roth's complaint, citing two independent bases: (1) Roth's complaint failed to comply with Fed. R. Civ. P. 8[1]; and (2) Roth's complaint failed to state a claim for relief that was plausible on its face.[2] Upon de novo review, *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007), this court concludes Roth's complaint fails to "contain enough allegations of fact to state a claim for relief that is plausible on its face." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

---

[1]Roth's fourteen page complaint asserted thirty-one claims against twelve defendants. As noted by the magistrate judge in his report and recommendation, the complaint is virtually devoid of factual allegations. Instead, it contains nothing more than "legal conclusions couched as factual allegations." Dist. Ct. Order at 3.

[2]*See* Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007); *Robins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

In the apt words of the district court, Roth's "[c]omplaint does not set forth any facts which explain what each particular Defendant allegedly did to Plaintiff, when each Defendant allegedly did it, how each Defendant's actions harmed Plaintiff, and what specific legal right Plaintiff believes each particular Defendant violated." Dist. Ct. Order at 3. Thus, it is absolutely clear Roth's complaint fails to contain "enough factual matter (taken as true) to suggest that he . . . is entitled to relief." *Robbins*, 519 F.3d at 1247 (quotation omitted). Furthermore, Roth's other pleadings and filings in the district court demonstrate it would be futile to provide him an opportunity to amend prior to dismissing his complaint. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile."). Roth specifically stated in his objections to the magistrate judge's report and recommendation that he could not identify any defendant's particular wrongful actions or inactions without first engaging in discovery. As the Supreme Court made clear in *Twombly*, however, Rule 12(b)(6) does not allow a plaintiff to file a complaint devoid of supporting facts as a vehicle to commence discovery on the off chance come facts might exist which could support a plausible claim. *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 562-63 (2007).

For those reasons set out above, the judgment of the district court is hereby

**AFFIRMED**.[3]

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[3]In light of this court's conclusion that the district court correctly dismissed Roth's complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), we need not address the propriety of such a dismissal pursuant to Fed. R. Civ. P. 8. We note, however, that this court has specifically held that a dismissal with prejudice premised on a plaintiff's failure to comply with Rule 8 must be accompanied by an examination of the *Ehrenhaus* factors. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007). No such analysis was conducted in this case.