FILED
**United States Court of Appeals**
**Tenth Circuit**

**August 14, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KAMAL K. PATEL,

        Plaintiff - Appellant,

and

K&A MOTEL, INC.,

        Plaintiff,

v.

DAVID SNAPP; WAITE, SNAPP &
DOLL LAW FIRM,

        Defendants - Appellees.

No. 14-3021
(D.C. No. 2:10-CV-02403-JTM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO**, and **MATHESON**, Circuit Judges.

Kamal K. Patel appeals from the district court's order granting summary

judgment in favor of David Snapp and his law firm ("Snapp firm") and terminating

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Patel's legal malpractice contract claim with prejudice. Mr. Patel argues his claim should have been disposed of without prejudice. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

K & A Motel, Inc. (K & A) hired the Snapp firm to file suit in a business dispute. K & A claimed Mr. Snapp's agreement to a settlement in that suit breached his fiduciary duties. K & A assigned that claim to Mr. Patel. He sued the Snapp firm for legal malpractice.[1]

The Snapp firm moved for partial summary judgment, arguing that Kansas law prohibits the assignment of claims for legal malpractice. The district court agreed and granted summary judgment, disposing of the claim with prejudice. In a motion for reconsideration, Mr. Patel argued the claim should have been terminated without prejudice because the court's disposition should be understood as a finding that he lacked standing. The court disagreed and denied the motion, stating that it "did not enter an order dismissing the case for lack of standing. Rather, the court granted summary judgment on the claim to the defendants." R. Vol. 2 at 596.

Mr. Patel is generally correct that "where the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006). Further, because "standing is a jurisdictional mandate, a dismissal with prejudice for lack of standing

---

[1] K & A also sued the Snapp firm. The parties later stipulated to dismissal of the suit with prejudice.

is inappropriate, and should be corrected to a dismissal without prejudice." *Id.* But this case was not terminated for lack of jurisdiction.

The district court did not address Mr. Patel's standing. It addressed whether Mr. Patel's status as assignee of the claim was valid and held it was not under Kansas law. Because the summary judgment order resolved the claim on the merits, the district court properly terminated the case with prejudice. *See Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987).

We affirm the district court's judgment.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge