FILED
United States Court of Appeals
Tenth Circuit

January 6, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

SHUN BIRCH,

      Plaintiff - Appellant,

v.

SPRINT/NEXTEL CORP.,

      Defendant - Appellee.

No. 16-1305
(D.C. No. 1:15-CV-01901-REB-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se,[1] Sterling Correctional Facility prisoner Shun Birch appeals the district court's dismissal of his civil action, in which he alleged that Sprint/Nextel Corp. (Sprint)[2] violated his constitutional rights and the Stored Communications Act

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument wouldn't materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe Birch's pro se filings, but it's not our role to act as his advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

[2] Birch sued Sprint/Nextel Corp., which, according to the defendant, doesn't exist. For convenience, we will refer to the defendant as Sprint. And in construing all reasonable inferences in Birch's favor, we assume, as Birch conceded and the magistrate judge and the district court assumed, that Birch meant to name Sprint Communications, Inc. f/k/a Sprint Nextel Corporation.

(SCA), 18 U.S.C. §§ 2701-2712. The district court found it lacked personal jurisdiction but then additionally concluded that Birch's claims are barred by the statute of limitations and dismissed the complaint with prejudice. We affirm the district court's ruling to the extent it found that it lacked personal jurisdiction. But we remand for the district court to modify the dismissal to be without prejudice.

Birch was convicted of first-degree murder and conspiracy in 2011. In 2015, Birch sued Sprint in federal court, generally alleging that Sprint violated the SCA and his constitutional rights by failing to preserve and produce cell-site data that would have exonerated Birch in his criminal trial. Specifically, Birch alleged that a detective investigating the murder sent a preservation letter and search warrant to Sprint in November 2007 for Birch's phone records, including the cell-site data. Birch also alleged that Thomas Koch, a representative of Sprint, testified at Birch's trial that Sprint didn't provide Birch's cell-site data to the detective because Sprint had by then purged the data pursuant to its data retention policy.

Sprint sought dismissal asserting, as relevant to this appeal, that (1) the district court lacked personal jurisdiction over Sprint and (2) Birch's claims were time-barred. In response, Birch argued the district court had personal jurisdiction over Sprint and suggested his claims weren't time-barred because they were subject to equitable tolling.

In a report and recommendation to the district court, a magistrate judge agreed with Sprint that the district court lacked personal jurisdiction over it, and therefore recommended dismissal of Birch's claims without prejudice. The magistrate judge

2

primarily reasoned that Birch didn't dispute that the Sprint entity he conceded that he intended to sue—Sprint Communications, Inc.—is merely a holding company with no physical or business presence in Colorado and is organized and has its principal place of business in Kansas. The magistrate judge stated, "[W]hile it is plausible that the [c]ourt could have jurisdiction over an unknown *subsidiary or affiliate* of Sprint Communications based on the allegations in the Complaint"—namely, that a Sprint representative testified at Birch's criminal trial and that Sprint failed to comply with a government subpoena to produce his phone records and related cell-site data—that issue wasn't before the court given Birch's insistence that he intended to sue the holding company. R. 60.[3] In light of this recommendation to dismiss for lack of personal jurisdiction, the magistrate judge didn't reach Sprint's alternative argument that Birch's claims were time-barred or Birch's equitable tolling argument.

Birch timely objected to the recommendation, reasserting that Sprint is subject to specific personal jurisdiction in Colorado because Birch suffered injury there when a Sprint representative testified at his criminal trial and Sprint failed to produce his cell phone records and related cell-site data at trial. But the district court disagreed and adopted the magistrate judge's recommendation to dismiss Birch's claims for lack of personal jurisdiction. The court reasoned that Birch "failed to show that the witness who testified at this trial was in any way associated with" the entity Birch

---

[3] The magistrate judge declined to express an opinion as to whether the court would have jurisdiction over the entity whose representative actually testified at Birch's criminal trial; rather she "simply conclude[d] that there is no basis for asserting personal jurisdiction over" the entity Birch sued here. R. 60.

actually sued, "as opposed to some other Sprint entity or subsidiary." R. 93. Additionally, after noting that Birch's objection offered new documentary evidence—i.e., portions of the transcript from his criminal trial relating to Sprint's response to the subpoena for his records—the district court concluded that even if it considered that evidence Birch failed to establish personal jurisdiction.

But the district court declined to adopt the magistrate judge's recommendation to dismiss the claims *without prejudice*, finding Sprint's alternative statute-of-limitations argument persuasive. The court rejected Birch's equitable tolling argument, concluding that "even if personal jurisdiction did exist, plaintiff's putative claims under the [SCA] are barred by limitations." R. 95. Accordingly, the district court dismissed Birch's claims against Sprint with prejudice.

Birch bears the burden of establishing personal jurisdiction. *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008). When, as here, the district court determines that it lacks personal jurisdiction on the basis of the complaint and affidavits, our review of the dismissal is de novo, taking as true all well-pled facts alleged in the complaint. At this stage, Birch need only make a prima facie showing of personal jurisdiction. *See id.* at 1070.

In challenging the district court's ruling, Birch first suggests that the court has personal jurisdiction because Sprint and Birch had a legal contract and Birch was a Sprint customer for years.[4] But Birch didn't make this argument below. And he

---

[4] Birch also makes several inapplicable arguments related to subject matter, not personal, jurisdiction, which we do not address.

4

doesn't suggest that we should consider this new legal theory under the plain error standard, let alone attempt to satisfy that standard. Accordingly, we decline to address this argument. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130–31 (10th Cir. 2011) (explaining that "failure to argue for plain error and its application on appeal . . . surely marks the end of the road" for argument not presented below).

Second, Birch reasserts his argument that Sprint has sufficient contacts with Colorado because Birch suffered injury there when Sprint failed to comply with the subpoena to produce his cell phone records and related cell-site data at his criminal trial. But as the district court reasoned, Birch failed to demonstrate that the holding company he sued—Sprint Communications, Inc.—is responsible for Sprint's alleged failure to comply with the subpoena or for sending a Sprint representative to testify at Birch's criminal trial. Consequently, we affirm the district court's conclusion that Birch failed to meet his prima facie showing of personal jurisdiction.

But our agreement with the district court ends there. Once the district court determined it lacked jurisdiction over this action, it lacked authority to decide issues on the merits. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims."); *see also Bauchman v. W. High Sch.*, 132 F.3d 542, 549–50 (10th Cir. 1997) (reasoning that district court abused its discretion in dismissing state law claims with prejudice after finding it lacked federal subject matter jurisdiction). Thus, while we affirm the district court's

5

finding that it lacked personal jurisdiction over the defendant, we reverse its decision to dismiss with prejudice based on its conclusion that Birch's claims were time-barred. Instead, the court should have dismissed Birch's claims without prejudice. *See Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1216 (10th Cir. 2002) (noting that district court should have dismissed plaintiffs' claims against defendant holding company without prejudice after court found it lacked personal jurisdiction over that company).

Accordingly, we affirm the district court's ruling to the extent it found that it lacked personal jurisdiction, but we remand to the district court to modify the dismissal to be without prejudice. Appellant's motion to proceed without prepayment of fees is granted, and he is reminded of his obligation to make partial payments until the fees are paid in full.

Entered for the Court

Nancy L. Moritz
Circuit Judge

6