FILED
United States Court of Appeals
Tenth Circuit

July 25, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WESLEY R. WOLF BROWN,

      Plaintiff - Appellant,

v.

BECKY SHOE, Supervisor,
InstaCheck Unit, Colorado Bureau
of Investigation,

      Defendant - Appellee.

No. 16-1227
(D.C. No. 1:15-CV-02730-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **BALDOCK**, and **BACHARACH**, Circuit Judges.
_____

This suit grew out of Mr. Wesley R. Wolf Brown's effort to buy a

handgun. The State of Colorado denied permission to buy the gun, and Ms.

Becky Shoe of the Colorado Bureau of Investigation upheld the denial,

relying on Mr. Brown's felony convictions and his prior adjudication as a

"mental defective." Mr. Brown sued Ms. Shoe, alleging violations of the

---

[*]     We do not believe that oral argument would be helpful. As a result,
we are deciding the appeal based on the briefs. *See* Fed. R. App. P.
34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1(a) and Tenth Cir. R. 32.1(A).

United States Constitution, the Colorado Constitution, and a Colorado statute.[1]

The district court dismissed the amended complaint, leading Mr. Brown to appeal and move for certification to the Colorado Supreme Court. We affirm the dismissal of the federal claims, though we remand with instructions to make clear that the dismissal is without prejudice.[2] On the state-law claims, we (1) remand with instructions to dismiss for lack of jurisdiction and (2) deny the motion for certification.

**1. Mr. Brown was prohibited from possessing a firearm based on both his prior felony convictions and his mental illness.**

Federal law and Colorado law prohibit individuals with prior felony convictions from possessing guns. 18 U.S.C. § 922(g)(1); Colo. Rev. Stat. § 18-12-108. Under federal law, mentally ill individuals generally fall under the same prohibition. 18 U.S.C. § 922(g)(4). But one material difference exists: Under federal law, mentally ill individuals may purchase

---

[1] The district court assumed that Mr. Brown had sued Ms. Shoe in both her official and individual capacities, stating that the amended complaint had been silent on whether Mr. Brown was suing Ms. Shoe in her official capacity or her individual capacity. We note that the complaint states that Mr. Brown has sued Ms. Shoe "in her official capacity as Supervisor of the InstaCheck Unit." R. at 75.

[2] The district court did not state whether the dismissal was without prejudice. On the federal claims against Ms. Shoe in her personal capacity, the dismissal is presumptively considered to be with prejudice. *See Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1299 (10th Cir. 2014) ("Dismissals for failure to state a claim are presumptively with prejudice because they fully dispose of the case.").

2

guns upon a court's finding, among other things, that the purchases do not threaten public safety. *See* Colo. Rev. Stat. § 13-5-142.5(5)(a)(1); *see also id.* § 13-5-142.5(1) ("The purpose of this section is to set forth a judicial process whereby a person may apply or petition for relief from federal firearms prohibitions imposed pursuant to 18 U.S.C. sec. 922(d)(4) and (g)(4), as permitted by the federal 'NICS Improvement Amendments Act of 2007' (Pub.L. 110-180, sec. 105).").

**2.    On the federal claims, Mr. Brown lacks standing.**

In part, Mr. Brown claims a violation of federal rights with respect to his inability to purchase a firearm. On these claims, Mr. Brown lacks standing because the alleged injury is not redressable.

According to Mr. Brown, Colorado law violates the U.S. Constitution by treating non-violent felons differently than mentally ill individuals. Though mentally ill individuals may lawfully possess firearms under certain circumstances, non-violent felons may not.

Mr. Brown argues that individuals should be prohibited from possessing a gun only if they have a propensity for violence. According to Mr. Brown, non-violent felonies and mental illnesses do not suggest a propensity for violence. Thus, Mr. Brown claims that there is no reason to differentiate between mentally ill individuals and non-violent felons.

We can consider this claim only if Mr. Brown has standing. "Standing is a jurisdictional issue, and we are obligated to raise the issue

3

sua sponte to ensure that there is an Article III case or controversy." *PeTA, People for the Ethical Treatment of Animals v. Rasmussen*, 298 F.3d 1198, 1202 (10th Cir. 2002). Mr. Brown "bears the burden of showing that he has standing for each type of relief sought." *Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009).

Mr. Brown seeks an order requiring Ms. Shoe to approve the transfer of a firearm.[3] Standing requires a concrete, particularized injury, fairly traceable to the defendant, that would likely be redressed by a favorable judicial decision. *Id.*

Mr. Brown's injury would not be redressed by a favorable judicial decision: Even if he prevails here, he could not lawfully purchase a firearm because

- he is a convicted felon and

- federal law prohibits convicted felons from possessing firearms.

The state of Colorado must enforce this federal disqualification. *See* Colo. Rev. Stat. § 24-33.5-424(3)(a) ("The bureau *shall* deny a transfer of a firearm to a prospective transferee if the transfer would violate 18 U.S.C. § 922(g). . . ." (emphasis added)). Thus, even if Mr. Brown prevails here,

---

[3]    He does not seek damages.

4

he could not lawfully purchase a firearm.[4] In these circumstances, Mr. Brown's alleged injury, denial of the right to purchase a firearm, is not redressable even if the court were to rule in his favor. He therefore lacks standing to assert his federal challenges to the Colorado statute.[5]

**3.    The Colorado claims should be dismissed for lack of jurisdiction rather than certified to the Colorado Supreme Court.**

Mr. Brown also invokes Colorado statutory and constitutional law. The district court did not address these claims. When we have rejected all federal claims through an appeal of a dispositive pretrial ruling and diversity jurisdiction is absent, we have (1) held that the federal district court should decline to exercise supplemental jurisdiction and (2) remanded with instructions to dismiss the state-law claims. *Estate of Reat v. Rodriguez*, 824 F.3d 960, 967 (10th Cir. 2016), *cert denied*, ___ U.S. ___, 137 S. Ct. 1434 (2017); *Brooks v. Gaenzle*, 614 F.3d 1213, 1229-30 (10th Cir. 2010). This course is appropriate here.

---

[4]    Mr. Brown obtained his felony convictions in California, and he does not suggest that he would be eligible under California law for restoration of his rights to possess a firearm.

[5]    In district court, Mr. Brown also argued that the state mental-health records were inaccurate. But in his opening appeal brief, he does not argue that the district court erred in failing to order correction of his mental-health information. *See* Plaintiff's Reply Br. at 3 (acknowledging that Mr. Brown "failed to address his Mental Health in his [Opening] Brief"). We therefore decline to consider whether the district court should have ordered correction of the information. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (issues not raised in an appellant's opening brief are waived).

5

Mr. Brown moves for certification of the state-law claims to the Colorado Supreme Court. As discussed above, however, we conclude that the federal district court should not exercise supplemental jurisdiction over the state-law claims. Thus, certification would serve little purpose, and we deny the motion to certify.

* * *

We remand with instructions to (1) dismiss Mr. Brown's claims seeking approval of the transfer of a firearm and (2) dismiss his Colorado claims. Because these dismissals would be based on a lack of jurisdiction, the dismissals should be without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (dismissal without prejudice when the plaintiff lacked standing); *VR Acquisitions, LLC v. Wasatch County*, 853 F.3d 1142, 1144 (10th Cir. 2017) (dismissal without prejudice when declining to exercise supplemental jurisdiction). Thus, we remand with instructions to make the dismissal without prejudice. We also deny Mr. Brown's motion for certification of the state-law claims.

Entered for the Court


Robert E. Bacharach
Circuit Judge