**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DAVID WEBB,

     Plaintiff - Appellant,

v.

STATE OF UTAH; ALPINE CITY;
AMERICAN FORK CITY; BLUFFDALE
CITY; BOUNTIFUL CITY; BRIGHAM
CITY; CEDAR CITY; CEDAR HILLS
CITY; CENTERVILLE CITY;
CLEARFIELD CITY; CLINTON CITY;
COTTONWOOD HEIGHTS CITY;
DRAPER CITY; EAGLE MOUNTAIN
CITY; ENOCH CITY; EPHRAIM CITY;
FARMINGTON CITY; FARR WEST
CITY; GRANTSVILLE CITY;
HARRISVILLE CITY; HEBER CITY;
HERRIMAN CITY; HIGHLAND CITY;
HOLLADAY CITY; HOOPER CITY;
HURRICANE CITY; HYRUM CITY;
IVINS CITY; KAYSVILLE CITY;
LAYTON CITY; LEHI CITY; LOGAN
CITY; OGDEN CITY; OREM CITY;
PARK CITY; PAYSON CITY; PLAIN
CITY; PLEASANT GROVE CITY;
PLEASANT VIEW CITY; PRICE CITY;
PROVIDENCE CITY; PROVO CITY;
RICHFIELD CITY; RIVERDALE CITY;
RIVERTON CITY; ROOSEVELT CITY;
ROY CITY; ST. GEORGE CITY; SALT
LAKE CITY; SANDY CITY; SANTA
CLARA CITY; SANTAQUIN CITY;
SARATOGA SPRINGS CITY; MIDVALE
CITY; MOAB CITY; MURRAY CITY;
NEPHI CITY; NIBLEY CITY; NORTH
LOGAN CITY; NORTH OGDEN CITY;
NORTH SALT LAKE CITY;

No. 16-4199
(D.C. No. 1:16-CV-00017-JNP)
(D. Utah)

SMITHFIELD CITY; SOUTH JORDAN CITY; SOUTH OGDEN CITY; SOUTH SALT LAKE CITY; SOUTH WEBER CITY; SPANISH FORK CITY; SPRINGVILLE CITY; SUNSET CITY; SYRACUSE CITY; CITY OF TAYLORSVILLE; CITY OF TOOELE; TREMONTON CITY; VERNAL CITY; WASHINGTON TERRACE CITY; WEST BOUNTIFUL CITY; WEST HAVEN CITY; WEST JORDAN CITY; WEST POINT CITY; WEST VALLEY CITY; WOODS CROSS CITY,

    Defendants - Appellees.

_____

DAVID WEBB,

    Plaintiff - Appellant,

v.

HEATHER S. WHITE, Attorney, Snow Christensen & Martineau; FRANK MYLAR, Attorney, Mylar Law PC; SNOW CHRISTENSEN & MARTINEAU; MYLAR LAW; R. BLAKE HAMILTON; ASHLEY M. GREGSON; DURHAM JONES & PINEGAR,

    Defendants - Appellees.

No. 16-4201
(D.C. No. 2:15-CV-00512-DN)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]

_____

[*]  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The cases are therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,

2

_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

Upset at the dismissal of some claims in his wrongful-arrest suit, Plaintiff David

Webb filed two suits against those he deemed responsible for the dismissals. The United

States District Court for the District of Utah dismissed these two follow-on suits for lack

of jurisdiction and Plaintiff appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we

agree with the dismissals but remand with instructions to dismiss the two suits without

prejudice.

I.     **Background**[1]

The genesis of this dispute was an allegedly wrongful arrest of Plaintiff on July

20, 2011. He sued the Weber County Government and numerous other government

officials and police officers on several federal-law and state-law claims. The court

dismissed some defendants on various grounds, including immunity and qualified

immunity, in March 2015.

Four months later, in July 2015, Plaintiff sued the attorneys who represented the

dismissed defendants (the Attorney Defendants), claiming that their assertions of

_____

however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] As the district court noted, Plaintiff's complaints and arguments are difficult to follow. *See* R. (16-4201) at 329 ("The vast majority of the [complaint] is not factual narrative, but rather is legal argument and conclusions. The facts alleged are limited, vague, and difficult to discern, as they are intertwined with Plaintiff's oft repeated legal argument and conclusions." (footnotes omitted)). Although we grant pro se pleadings a "generous construction," and read them "more liberally than those composed by lawyers," *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1024 (10th Cir. 2012), this generosity "has limits," *id.*

immunity and qualified immunity violated his rights and led to the wrongful dismissal of his claims. According to Plaintiff, Utah and (presumably) all its subdivisions and employees were barred from asserting immunity because of receipt of federal funds under 42 U.S.C. § 2000d-7. He sought an injunction barring any future assertion of immunity or qualified immunity, "general damages as . . . proven at a trial," and $304 for towing-related fees. R. (16-4201) at 296–97.

In February 2016, Plaintiff filed suit against Utah and some of its subdivisions (the State Defendants), challenging the assertion of qualified immunity and immunity. He again claimed that their invocations of immunity resulted in the dismissal of his claims. He requested injunctive relief barring the assertions of immunity and one billion dollars in damages.

The district court dismissed both complaints for lack of the standing necessary for subject-matter jurisdiction because Plaintiff had not adequately alleged any injury to himself traceable to the Defendants. The court further held that if it had jurisdiction, it would dismiss the complaints because they failed to state a claim upon which relief could be granted. The district court dismissed both complaints with prejudice.

## II.     Discussion

We are not as confident as the district court that Plaintiff lacked standing. To establish standing, a party must "demonstrate that he has suffered injury in fact, that the injury is fairly traceable to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." *Bennett v. Spear*, 520 U.S. 154, 162 (1997) (internal quotation marks omitted). Although not a model of clarity, Plaintiff's complaints allege

4

that his prior claims were dismissed because of the improper assertion of immunity by the Defendants. This allegation of injury would seem to be fairly traceable to Defendants, and to be redressable through money damages.

But we need not resolve the issue because Plaintiff's claims are not sufficiently colorable to confer jurisdiction. "[A] court may dismiss for lack of subject-matter jurisdiction 'when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy. . . .'" *McKenzie v. U.S. Citizenship & Immigration Servs.*, 761 F.3d 1149, 1156–57 (10th Cir. 2014) (quoting *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 89 (1998)). Though Plaintiff casts it in different ways, his entire argument is based on his theory that 42 U.S.C. § 2000d-7 bars Utah from invoking any immunity doctrines. That statute states:

> A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 U.S.C.A. § 794], title IX of the Education Amendments of 1972 [20 U.S.C.A. § 1681 et seq.], the Age Discrimination Act of 1975 [42 U.S.C.A. § 6101 et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.

42 U.S.C. § 2000d-7(a). Stretch our imagination as we might, we fail to see in Plaintiff's allegations a basis for any cause of action.[2] Perhaps he is asserting that § 2000d-7 creates

---

[2] Plaintiff asserts causes of action under ten sources of law against the State Defendants: (1) 42 U.S.C. § 1983; (2) the First Amendment; (3) the Fourteenth Amendment; (4) 42 U.S.C. § 2000d (Title VI of the Civil Rights Act of 1964); (5) the Utah Constitution; (6) Intentional Infliction of Emotional Distress; (7) Negligent Infliction of Emotional Distress; (8) Willful Misconduct; (9) Vicarious Liability; and (10) 18 U.S.C. § 1964(c)

5

a federal right whose violation can be remedied under 42 U.S.C. § 1983. *See Blessing v. Freestone*, 520 U.S. 329, 340 (1997) ("In order to seek redress through § 1983, . . . a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*."). But a federal statute cannot create such a right absent rights-creating language. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 287 (2002) (statutory provisions relied on by Plaintiff "fail to confer enforceable rights" under § 1983 because they "entirely lack the sort of 'rights-creating' language critical to showing the requisite congressional intent to create new rights" (internal quotation marks omitted)). As the Supreme Court explained:

> [W]hether a statutory violation may be enforced through § 1983 . . . . [requires] determin[ing] whether Congress *intended to create a federal right*. Thus we have held that the question whether Congress intended to create a private right of action is definitively answered in the negative where a statute by its terms grants no private rights to any identifiable class. For a statute to create such private rights, its text must be phrased in terms of the persons benefited.

*Id.* at 283–84. (internal quotation marks and alterations omitted). There is nothing close to rights-creating language in § 2000d-7.

We therefore hold that the district court lacked jurisdiction over Plaintiff's claims. A dismissal for lack of subject-matter jurisdiction, however, should be *without* prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006). Thus we **REVERSE** the district court's dismissal with prejudice and **REMAND** with instructions

---

(RICO). And he asserts causes of action under nine sources of law against the Attorney Defendants: (1) 42 U.S.C. § 1983; (2) the First Amendment; (3) the Fourteenth Amendment; (4) 42 U.S.C. § 2000d-7; (5) Title VI of the Civil Rights Act of 1964; (6) 18 U.S.C. § 1964(c) (RICO); (7) Intentional Infliction of Emotional Distress; (8) Negligent Infliction of Emotional Distress; and (9) 42 U.S.C. § 1981.

to dismiss Plaintiff's cases without prejudice.

Entered for the Court


Harris L Hartz
Circuit Judge