**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———

**No. 20-1982**

———

PATRICIA EDWARDS TARPLEY; TIMOTHY TARPLEY,

Plaintiffs - Appellants,

v.

CHUNG HO CHUNG,

Defendant - Appellee.

———

Appeal from the United States District Court for the District of Maryland, at Baltimore. Beth P. Gesner, Magistrate Judge.  (1:19-cv-03288-BPG)

———

Submitted:  September 23, 2021                Decided:  January 5, 2022

———

Before HARRIS, RICHARDSON, and RUSHING, Circuit Judges.

———

Affirmed as modified by unpublished per curiam opinion.

———

Dennis F. O'Brien, DENNIS F. O'BRIEN, PA, Bel Air, Maryland, for Appellants. Miranda D. Russell, David A. Skomba, FRANKLIN & PROKOPIK, PC, Baltimore, Maryland, for Appellee.

———

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patricia Edwards Tarpley and Timothy Tarpley appeal from the magistrate judge's order* granting Defendant's Fed. R. Civ. P. 12(b)(2) motion, dismissing with prejudice their civil action for lack of personal jurisdiction over Defendant, and denying their request for jurisdictional discovery. The Tarpleys challenge the magistrate judge's refusal to allow them to engage in discovery before ruling on the jurisdictional issue. The Tarpleys failed, however, to proffer further facts they could demonstrate that would be material to the ruling on personal jurisdiction. They also have not suggested that the jurisdictional facts asserted by Defendant in his affidavits were inaccurate. At most, they made some conclusory allegations in support of their request for discovery and offered against Defendant's affidavits nothing beyond their allegations he had significant contacts with the forum state of Maryland. Under these circumstances, we conclude that the magistrate judge did not abuse her discretion in denying the Tarpleys' discovery request. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396, 402-03 (4th Cir. 2003); *ALS Scan, Inc. v. Digit. Serv. Consultants, Inc.*, 293 F.3d 707, 716 n.3 (4th Cir. 2002). We therefore affirm that ruling. *Tarpley v. Chung Ho Chung*, No. 1:19-cv-03288-BPG (D. Md. Aug. 19, 2020).

The dismissal of the Tarpleys' complaint, however, should have been without prejudice. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at*

---

* The parties consented to the jurisdiction of the magistrate judge under 28 U.S.C. § 636(c).

2

*Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) (explaining that court lacking "jurisdiction has no power to adjudicate and dispose of a claim on the merits"); *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction . . . , is *incapable* of reaching a disposition on the merits of the underlying claims."). We therefore modify the order to reflect that the dismissal of the Tarpleys' complaint is without prejudice and affirm the judgment as modified. *See* 28 U.S.C. § 2106; *MM ex rel. DM v. Sch. Dist. of Greenville Cnty.*, 303 F.3d 523, 536 (4th Cir. 2002) ("[W]e are entitled to affirm the court's judgment on alternate grounds, if such grounds are apparent from the record.").

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*