**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**July 14, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

EYOEL-DAWIT MATIOS, et al., in sui
juris capacity,

      Plaintiff - Appellant,

v.

CITY OF LOVELAND, et al., in care of
Stephen C. Adams, City Manager,

      Defendant - Appellee.

No. 22-1047
(D.C. No. 1:21-CV-02194-WJM-NRN)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.

_____

Eyoel-Dawit Matios brought a pro se[1] Petition to Confirm an Arbitration

Award issued in his favor against the City of Loveland (the "City")[2] by Brett "Eeon"

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Matios is proceeding pro se, we construe his filings liberally, but we will not act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] The Final Arbitration Award appears to have been awarded against the City and two of its employees, but Mr. Matios's Petition seeks only to confirm the award issued against the City. Thus, we refer only to the arbitration award against the City.

Jones of Sitcomm Arbitration Association ("Sitcomm").[3] The district court denied the

Petition because there was no contract between the parties. Mr. Matios appeals.

Because there is no federal subject-matter jurisdiction to grant or deny Mr. Matios's

Petition, we vacate and remand for the district court to dismiss the Petition without

prejudice.

## I.    BACKGROUND

During a traffic stop, a City law enforcement officer gave Mr. Matios a

citation for speeding. Mr. Matios then sent a document entitled "Notice of Verified

Claim for Relief and Money Demand" to the City. ROA at 21. In this document,

Mr. Matios alleged the traffic stop and citation violated numerous state and federal

laws and argued the City owed him millions of dollars in damages as a result. This

document also purports to be a "Self-Executing Contract Agreement Fee Schedule,"

*id.*, which Mr. Matios contends obligated the City to respond to his claims "point for

point" or be deemed to have agreed to the claims and the terms in the "contract," *id.*

at 55–56. The document also includes an arbitration clause that establishes arbitration

as the sole remedy for any issue associated with the "agreement." *Id.* at 54–58.

The City responded by generally denying the claims. Because the City did not

respond to the claims "point for point," however, Mr. Matios sent two

---

[3] The Final Arbitration Award suggests Sitcomm recused itself, and Mr. Jones is an independent arbitrator separate from Sitcomm. But it appears Mr. Jones runs Sitcomm or is closely associated with Sitcomm. *See Satcomm v. PayPal*, No. 5:19-mc-10-MTT, 2020 WL 1609503, at *2 n.1, 3 (M.D. Ga. April 1, 2020) (recognizing Mr. Jones's connection to Sitcomm).

communications warning the City that it had agreed with his claims and consented to all the terms contained in the document, including the arbitration clause. *Id.* at 86. Both times the City responded by rejecting and denying the claims. Mr. Matios then submitted the claims to arbitration with Sitcomm[4] and notified the City of a hearing date. The City maintained it had not agreed to arbitration and stated it would not participate.

Nevertheless, the arbitrator, Mr. Jones, issued a "Final Arbitration Award" that largely consisted of rambling and disjointed legalese. After parsing through the language in the award, it appears Mr. Jones concluded the parties had agreed to arbitrate because the City had a duty to respond but failed to do so and, without analyzing the claims, awarded Mr. Matios $300,000,000 against the City.

Mr. Matios then filed a Petition to Confirm the Arbitration Award in the United States District Court for the District of Colorado. The magistrate judge ordered Mr. Matios to show cause why the Petition should not be dismissed for (1) lack of an enforceable agreement and (2) lack of subject-matter jurisdiction.

---

[4] Federal courts have encountered several petitions to vacate or confirm arbitration awards issued by Sitcomm and/or Mr. Jones, and they have consistently questioned the validity of the underlying contracts and the subsequent arbitration awards. *See, e.g.*, *Mark Wayne Nation v. United States*, No. 2022-1256, 2022 WL 1655693, at *1 n.* (Fed. Cir. Feb. 23, 2022); *Castro v. Bank of N.Y. Mellon*, 852 F. App'x 25, 29 n.1 (2d Cir. 2021) (unpublished); *United States v. Hallman*, No. 3:05-376, 2021 WL 3773335, at *1 n.1 (D.S.C. Aug. 25, 2021); *Anderson v. United States*, No. H-21-1889, 2021 WL 2417157, at *1 (S.D. Tex. June 14, 2021); *Nelson v. Jackson*, No. 3:20-cv-28 (CAR), 2021 WL 5035027, at *1 (M.D. Ga. Apr. 28, 2021); *Domino v. Barr*, No. 20-2583 (ECT/BRT), 2021 WL 1795762, at *1 n.1 (D. Minn. Feb. 8, 2021).

Mr. Matios responded that (1) the City officials' oaths of office and the self-executing contract established a valid contract and (2) the Federal Arbitration Act ("FAA") provided federal subject-matter jurisdiction over the Petition. The magistrate judge recommended the Petition be denied because there was no valid agreement between the parties. Mr. Matios objected to that recommendation. Despite Mr. Matios's objection, the district court denied the Petition and granted the City's motion to dismiss for the reasons provided by the magistrate judge. Mr. Matios appeals the district court's decision.

## II.   DISCUSSION

As an initial matter, the City argues there is no federal subject-matter jurisdiction over the Petition because the FAA alone does not provide jurisdiction. Before we can turn to the merits of the Petition, we must determine whether federal subject-matter jurisdiction exists. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

The FAA "'does not create any independent federal-question jurisdiction,'" so "'there must be diversity of citizenship or some other independent basis for federal jurisdiction' before a federal court can act under the FAA." *P&P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 866 (10th Cir. 1999) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983)). The process for determining whether there is an independent basis for federal jurisdiction varies for different types of petitions brought under the FAA. *See Badgerow v. Walters*, 142 S. Ct. 1310, 1316–18 (2022) (distinguishing the jurisdictional inquiry for a petition to compel arbitration and a petition to confirm an arbitration award). For a petition to confirm

4

an arbitration award under Section 9 of the FAA, like the one at issue here, courts do not "look through the . . . applications" to determine whether it would have jurisdiction over the underlying dispute. *Id.* at 1317. Courts look only to the face of the petition to confirm the arbitration award. *Id.* at 1316–18. Thus, we must determine whether the Petition itself raises a federal question without regard for the underlying claims, 28 U.S.C. § 1331, or whether there is diversity jurisdiction, *id.* § 1332.

We begin by considering whether the Petition raises a federal question. In a petition to confirm an arbitration award, the parties are contesting "the enforceability of an arbitral award," which is "no more than a contractual resolution of the parties' dispute." *Badgerow*, 142 S. Ct. at 1316–17. These contractual disputes are issues of state law, not federal law. *Id.* at 1317. Thus, the Petition does not establish federal-question jurisdiction. Moreover, there is no diversity jurisdiction in this matter because Mr. Matios and the City are both citizens of Colorado. *See* ROA at 9 (noting Mr. Matios is a citizen of Colorado); *Moor v. Alameda Cnty.*, 411 U.S. 693, 717–18 (1973) ("[A] political subdivision of a State . . . is a citizen of the State for diversity purposes."). As such, the district court lacked subject-matter jurisdiction, and the Petition must be dismissed without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (noting that a dismissal for lack of jurisdiction must be without prejudice).

The City also requests its attorney's fees for defending the appeal because Mr. Matios brought the appeal in bad faith and for oppressive and vexatious reasons

5

after being told numerous times the arbitration award was not valid. We lack jurisdiction to consider the merits of the Petition, but the method for determining jurisdiction for a petition to confirm an arbitration award was not settled until after Mr. Matios filed his Notice of Appeal. ROA at 237 (Notice of Appeal dated February 17, 2022); *Badgerow*, 142 S. Ct. at 1317–18 (holding courts do not look to the underlying dispute to determine jurisdiction over petitions to confirm arbitration awards on March 31, 2022). Therefore, we deny the City's request.

## III.    CONCLUSION

For these reasons, we VACATE and REMAND the denial of the Petition and instruct the district court to dismiss it without prejudice. We also DENY the City's request for attorney's fees.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

6