# IN THE SUPREME COURT OF THE STATE OF NEVADA

| DOUGLAS SMAELLIE, Appellant, vs. CITY OF MESQUITE, Respondent. | No. 69741 |
|---|---|

FILED

APR 17 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART AND VACATING IN PART

This is an appeal from a district court order dismissing an employment contract action. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

Having considered the parties' arguments and the appendix, we conclude that the district court properly dismissed appellant's complaint. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (reviewing de novo a district court NRCP 12(b)(5) dismissal). Appellant did not allege in the complaint that he was a third-party beneficiary of the collective bargaining agreement. *Hartford Fire Ins. Co. v. Trs. of Constr. Indus. and Laborers Health & Welfare Tr.*, 125 Nev. 149, 156, 208 P.3d 884, 899 (2009). Appellant also did not allege that the Mesquite Police Officer's Association breached its duty of fair representation, which is required to state a hybrid action. *Vaca v. Sipes*, 386 U.S. 171, 173 (1967). Although appellant was not required to join the Mesquite Police Officer's Association or state a cause of action against it, he was required to allege that the Association breached its duty. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165 (1983) ("The employee may, if he chooses, sue one defendant and not the other; but the

17-12686

case he must prove is the same whether he sues one, the other, or both."). Although appellant argues that by alleging that the Association prevented him from exhausting his administrative remedies he sufficiently alleged a breach of the Association's duty of fair representation, we disagree. The inability to exhaust remedies and breach of the duty of fair representation are different legal theories. Therefore, we affirm the district court's dismissal of appellant's complaint.

Nevertheless, because the dismissal was for lack of standing, the action should have been dismissed without prejudice. *See Clark Cty. v. Tansey*, Docket No. 68951 (Order of Affirmance, March 1, 2017) (concluding that the district court had subject matter jurisdiction to hear an employee's hybrid action against his employer for breach of the collective bargaining agreement and his union for breach of the duty of fair representation); *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (observing that "standing is a jurisdictional mandate" and concluding that a dismissal for lack of standing should be without prejudice because it is not an adjudication of the merits); *Cty. of Mille Lacs v. Benjamin*, 361 F.3d 460, 463-65 (8th Cir. 2004) (same). Therefore, we vacate this portion of the district court's order, and we

ORDER the judgment of the district court AFFIRMED IN PART as to the dismissal of the complaint AND VACATED IN PART as to the dismissal being with prejudice.

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                                    Stiglich

cc: Hon. Timothy C. Williams, District Judge
Lansford W. Levitt, Settlement Judge
Law Office of Daniel Marks
Erickson Thorpe & Swainston, Ltd.
Eighth District Court Clerk