**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 19, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TAMIKA J. PLEDGER,

      Plaintiff - Appellant,

v.

JUDGE MICHAEL A. RUSSELL,

      Defendant - Appellee.

No. 17-3008
(D.C. No. 2:16-CV-02770-JAR-GLR)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

      Tamika J. Pledger filed a pro se complaint in the United States District Court for

the District of Kansas alleging that Defendant Michael A. Russell, the state-court judge

presiding over a criminal case in which she is accused of involuntary manslaughter,

violated her rights. The district court dismissed her complaint under 28 U.S.C. § 1915,

holding that it lacked subject-matter jurisdiction, that Judge Russell is entitled to absolute

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

immunity, and that Ms. Pledger failed to state a claim. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the dismissal on the absolute-immunity ground.

Ms. Pledger's complaint alleges that (1) the public defenders appointed by Judge Russell to represent her were biased against her because of their former connections to the district attorney's office when Judge Russell was the chief deputy; (2) Judge Russell *sua sponte* initiated bond proceedings, rather than waiting for the prosecutor to raise the issue; (3) Judge Russell wrongfully placed her in custody after her bondsman lost his bond license; (4) Judge Russell had impermissible *ex parte* communications with the prosecution about her case; (5) Judge Russell made erroneous decisions about several issues in her case, including ordering a mental-health evaluation and denying her motions for a grand-jury indictment, for his recusal, for new counsel, and for dismissal for lack of jurisdiction based on her being "charged by Notary Public Casey L. Meyer and not a Judge," Doc. No. 1 at 7; and (6) he refused to give her written versions of his orders. She seeks money damages, the dismissal of her criminal case, and the sanction and removal from the bench of Judge Russell.

We first address the district court's subject-matter jurisdiction. Reading Ms. Pledger's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se pleadings are to be reviewed liberally), she stated the basis of a claim under 42 U.S.C. § 1983 by alleging facts that might amount to a denial of procedural due process. That sufficed for the district court's subject-matter jurisdiction under 28 U.S.C. §1331. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) ("A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of

**2**

the United States."); *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 397 (6th Cir.), *cert. denied sub nom. Direccion Gen. de Fabricaciones Militares v. Rote*, 137 S. Ct. 199 (2016) ("When the complaint pleads facts from which federal jurisdiction may be inferred . . . the insufficiency of the jurisdictional allegation is not controlling, and the action need not be dismissed." (internal quotation marks omitted)).  Although she did not cite 42 U.S.C. § 1983 or the Due Process Clause in her complaint, she did not need to. *See Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014) ("[N]o heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state a claim."); *King v. Rubenstein*, 825 F.3d 206, 222 (4th Cir. 2016) ("Simply because [plaintiff] did not specifically label a claim under a due process heading does not mean that he did not raise one.").  The district court had subject-matter jurisdiction over her claim.

But that does not help Ms. Pledger much.  Judges are generally immune from suits for money damages.  *See Mireles v. Waco*, 502 U.S. 9, 9 (1991).  That immunity can be overcome for only two types of actions:  (1) "actions not taken in the judge's judicial capacity" and (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction."  *Id.* at 11–12.  Neither exception applies to Ms. Pledger's allegations.

All the acts by Judge Russell that Ms. Pledger complains about are judicial in nature.  "[W]hether an act by a judge is a judicial one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."  *Id.* at 12 (internal quotation marks and brackets omitted).  Acts are not nonjudicial just because they were

**3**

"in error" or "in excess of . . . authority" or even if motivated by "malice or corruption." *Id.* at 12–13. For example, when the complaint is that a judge ordered police officers to use excessive force to drag an attorney into his courtroom, the act is judicial because a "judge's direction to court officers to bring a person who is in the courthouse before him is a function normally performed by a judge." *Id.* at 12. Similarly, all the acts Ms. Pledger complains of—appointing counsel, raising an issue *sua sponte*, placing the defendant in custody, communicating with attorneys, ruling on motions, and issuing written or verbal orders—are functions normally performed by judges, and therefore absolutely immunized from liability.

There is also no basis for arguing that Judge Russell acted in complete absence of all jurisdiction. Ms. Pledger's sole contention in this regard is that Judge Russell lacked jurisdiction over her criminal case because she "was charged by Notary Public Casey L. Meyer and not a Judge." Doc. No. 1 at 7. But as the federal district court wrote:

> While [Ms. Pledger] alleges [Judge Russell] did not have jurisdiction because a notary signed the Affidavit for Application for Arrest Warrant instead of him, this is not the case. The Affidavit for Application for Arrest Warrant is allowed to be signed by a notary so long as the arrest warrant itself is signed by the judge. There is no allegation or evidence that the arrest warrant was not signed by [Judge Russell].

District Court Order at 3–4 (footnote omitted) (citing K.S.A. §§ 22-2302, 2304). On appeal Ms. Pledger does not contest the district court's characterization of the facts. Instead, she now complains that Judge Russell defamed her by releasing the "false Affidavit for Application for Arrest Warrant to the media." Aplt. Br. at 23. But she did not raise this issue in district court, so we will not consider it. *See Simmat v. U.S. Bureau*

**4**

*of Prisons*, 413 F.3d 1225, 1240 (10th Cir. 2005) (we will not address issue raised for the first time on appeal).

Although Ms. Pledger's suit is not only for money damages, the injunctive relief she seeks—the termination of her state criminal case and the sanction and removal of Judge Russell—is not available in this action. *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.").

We **AFFIRM** the judgment below. But because the district court held that it lacked subject-matter jurisdiction (which results in dismissal without prejudice, *see Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006)), we **REMAND** to the district court to clarify that the dismissal is with prejudice.

Entered for the Court


Harris L Hartz
Circuit Judge