**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DONALD L. BAKER,

    Plaintiff - Appellant,

v.

ANDREI IANCU, Director USPTO;
DREW HIRSHFELD, Comm for Patents,
USPTO; ROBIN O. EVANS, Dir, Tech
Center 2800, USPTO; ELVIN G. ENAD,
Supervisory Patent Examiner, Art Unit
2837, USPTO; MARLON T. FLETCHER,
Primary Patent Examiner, Art Unit 2837,
USPTO,

    Defendants - Appellees,

 and

DANIEL SWERDLOW,

    Defendant.

No. 19-5100
(D.C. No. 4:19-CV-00289-CVE-FHM)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Donald L. Baker, pro se, appeals the district court's order dismissing his complaint for lack of subject matter jurisdiction. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. We remand for the court to amend the judgment to reflect a dismissal without prejudice.

## I. BACKGROUND

Mr. Baker filed suit in the United States District Court for the Northern District of Oklahoma against five employees of the United States Patent and Trademark Office ("USPTO") for their alleged fraud and harassment in connection with the denial of his patent application. The district court dismissed the case for lack of subject matter jurisdiction

The court first explained that an applicant who wishes to challenge the denial of a patent claim must first do so through an appeal to the Patent Trial and Appeal Board ("PTAB"). *See* 35 U.S.C. § 134(a) ("An applicant for a patent, any of whose claims has been twice rejected, may appeal from the decision of the primary examiner to the [PTAB]. . . ."). An applicant who is dissatisfied with the PTAB's decision may then appeal to the United States Court of Appeals for the Federal Circuit. *See id.* § 141(a) ("An applicant who is dissatisfied with the final decision in an appeal to the [PTAB] . . . may appeal the . . . decision to the United States Court of Appeals for the Federal Circuit."). An applicant who has not taken an appeal to the Federal Circuit may alternatively bring a "civil action against the Director [of the USPTO] in the United States District Court for the Eastern District of Virginia." *Id.* § 145.

The court further explained that it lacked subject matter jurisdiction over Mr. Baker's alleged tort claims because he failed to give the USPTO the required notice under the Federal Tort Claims Act prior to filing suit. *See* 28 U.S.C. § 2675(a) (A party cannot file suit on "a claim against the United States for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant . . . first present[s] the claim to the appropriate Federal agency . . . .").

## II. DISCUSSION

In his briefs to this court, Mr. Baker has not addressed any of the grounds for the district court's dismissal as required under Federal Rule of Appellate Procedure 28(a)(8)(A). "Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets, citation, and quotations omitted). Where, as here, issues "are not adequately briefed," they "will be deemed waived." *Id*. (brackets and quotations omitted).

## III. CONCLUSION

We affirm the judgment of the district court and remand only for the court to amend its judgment to reflect that the dismissal is without prejudice. "A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be

3

without prejudice." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006).

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

4