**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**July 3, 2017**

**TENTH CIRCUIT**

PHILLIP D. KLINE,

        Plaintiff - Appellant,

v.

HONORABLE DANIEL BILES,
HONORABLE NANCY L. MORTIZ,
HONORABLE HENRY W. GREEN,
JR., HONORABLE KAREN M.
ARNOLD-BURGER, HONORABLE
EDWARD E. BOUKER,
HONORABLE BRUCE T.
GATTERMAN, HONORABLE
MICHAEL J.
MALONE, HONORABLE LAWTON
R. NUSS, HONORABLE CAROL A.
BEIER, HONORABLE MARLA J.
LUCKERT, HONORABLE LEE A.
JOHNSON, HONORABLE ERIC S.
ROSEN, HONORABLE CALEB
STEGALL, CAROL GREEN, AND
STANTON A. HAZLETT,

        Defendants - Appellees,

No. 16-3357

**Appeal from the United States District Court
for the District of Kansas
(D.C. No. 2:15-CV-09335-DGK)**

Submitted on the briefs:[*]

Richard J. Peckham, Attorney at Law, Andover, Kansas; Thomas W. Condit, Attorney at Law, Cincinnati, Ohio, for Plaintiff-Appellant.

Samuel A. Green, of Fisher, Patterson, Sayler & Smith, LLP, Topeka, Kansas, for Defendants-Appellees, except Stanton A. Hazlett.

Bryan C. Clark and Dwight R. Carswell, Assistant Solicitor Generals, Topeka, Kansas, for Defendant-Appellee Stanton A. Hazlett.

Before **GRUENDER, BENTON**, and **KELLY**, Circuit Judges.[**]

**PER CURIAM**.

Phillip D. Kline was suspended indefinitely from the practice of law in Kansas.

He sued those involved for violating his constitutional rights. The district court

---

[*] After examining the briefs and appellate record, this panel determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[**] The Honorable Raymond W. Gruender, The Honorable Duane Benton, and The Honorable Jane Kelly, Circuit Judges, United States Court of Appeals for the Eighth Circuit, sitting by designation.

dismissed the complaint for lack of subject matter jurisdiction. He appeals. Having

jurisdiction under 28 U.S.C. § 1291, this court affirms.


I.[1]

In 2010, the Kansas Disciplinary Administrator filed a formal complaint against

Kline for violations of the Kansas Rules of Professional Conduct (KRPC). A panel held

a disciplinary hearing in two phases from February to July 2011. In October, it released a

185-page report finding multiple violations of the KRPC. It recommended an indefinite

suspension from the practice of law. Kline filed exceptions to the report. The case went

to the Kansas Supreme Court.

In May 2012, Kline moved to recuse five justices based on participation in earlier

cases involving him. He argued recusal would "not hinder [his] appeal from being

heard" because "the Supreme Court may assign a judge of the court of the appeals or a

district judge to serve temporarily on the supreme court." *See* Kan. Const. art. III, §6(f)

("The supreme court may assign a district court judge to serve temporarily on the

supreme court."); K.S.A. § 20-3002(c) ("The supreme court may assign a judge of the

court of appeals to serve temporarily on the supreme court."). The five justices

voluntarily recused.

---

[1]This statement of facts is based on the district court's order of dismissal.

Justice Daniel Biles––the most senior justice remaining––appointed court of appeals judges Henry W. Green, Jr. and Karen M. Arnold-Burger and district court judges Edward L. Bouker, Bruce T. Gatterman, and Michael J. Malone to "serve temporarily on the Supreme Court to participate in the hearing and decision of" Kline's case. *See* Kansas Supreme Court Internal Operating Procedures, Part I ("The Chief Justice is the presiding officer of the Supreme Court of Kansas. If the Chief Justice is absent or unable to act, the justice who is next senior in continuous term of service on the court shall preside.").

In November 2012, Kline argued his case before the Kansas Supreme Court. In October 2013, the court found "clear and convincing evidence that Kline committed 11 KRPC violations." It ordered indefinite suspension. The court later denied Kline's motion for rehearing or modification, alleging factual and legal errors.

In February 2014, Kline moved to vacate or dismiss the judgment, claiming the court was unlawfully composed because Justice Biles lacked authority to appoint replacement judges. The Clerk of the Kansas Appellate Courts did not docket the motion because the case was closed. In March, Kline petitioned for certiorari in the United States Supreme Court, alleging due process and free speech violations. The Supreme Court denied the petition. *Kline v. Kansas Disciplinary Administrator*, 134 S. Ct. 1950 (2014).

In October 2015, Kline sued in federal district court, asserting ten counts for declaratory and injunctive relief under 42 U.S.C. § 1983. Counts one through nine attack the Kansas Supreme Court's decision. Count ten is a "prospective challenge" to the "unconstitutionally vague" Kansas Supreme Court Rule 219. The district court dismissed count three as a non-justiciable political question. It dismissed the other nine counts for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. Kline appeals the dismissal of claims under *Rooker-Feldman*.

## II.

This court reviews de novo a dismissal for lack of subject matter jurisdiction. *See Trackwell v. United States Gov't*, 472 F. 3d 1242, 1243 (10th Cir. 2007). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citation omitted).

"[U]nder what has come to be known as the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). This preclusion applies to "claims actually decided by a state court, and claims inextricably intertwined with a prior

5

state-court judgment." *Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006). "Thus, the *Rooker-Feldman* doctrine prevents 'a party losing in state court . . . from seeking what in substance would be appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Id.*, *quoting Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (alterations in original). "The essential point is that barred claims are those 'complaining of injuries caused by state-court judgments.'" *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012), *quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

## A.

The district court dismissed nine counts because "the *Rooker-Feldman* doctrine precludes . . . exercising subject matter jurisdiction over them." Noting that Kline's case was a "textbook example of how the doctrine applies," the district court said:

> The facts of this case are analogous to those in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), one of the seminal cases giving rise to the doctrine. In *Feldman*, two law school graduates asked the District of Columbia Court of Appeals ("D.C. Court of Appeals"), which governs admission to the District of Columbia bar, to grant them a waiver from a rule requiring bar applicants to have graduated from an accredited law school. *Id.* at 464, 466. The D.C. Court of Appeals denied their petitions, and the applicants sued the court and its individual judges in federal district court alleging a violation of their Fifth Amendment right to due process. *Id.* at 468, 468 n.2, 472, 474 n.10. The district court dismissed both cases on the grounds that it lacked subject matter jurisdiction. *Id*. at 470, 473. The Supreme Court upheld the dismissals, concluding the plaintiffs' claims that their Constitutional rights had been

6

violated were "inextricably intertwined" with the D.C. Court of Appeals' decisions denying their petitions. *Id.* at 486-87. It noted:

> United States District Courts...have subject matter jurisdiction over general challenges to state bar rules, promulgated by state courts in non-judicial proceedings, which do not require review of a final state court judgment in a particular case. They do not have jurisdiction, however, over challenges to state court decisions *in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional*. Review of those decisions may be had only in this Court.

*Id.* at 486 (emphasis added). The Supreme Court explained that,

> Orders of a state court relating to the admission, *discipline*, and *disbarment* of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court. The rule serves substantial policy interests arising from the historic relationship between state judicial systems and the members of their respective bars, and between the state and federal judicial systems.

*Id.* at 482 n.16 (emphasis added) (internal quotation omitted).

*Kline v. Biles*, No. 2:15-CV-09335-DGK, 2016 WL 6680940, at **4-5 (D. Kan. Nov. 14, 2016).

The district court also recognized: "Every federal appeals court has held that the *Rooker-Feldman* doctrine precludes an attorney from challenging the result of his or her state disciplinary hearing in a lower federal court, including attacking the process leading to the decision." *Id.* at *5, *citing Smith v. Bender*, 350 Fed. Appx. 190, 193-94 (10th Cir. 2009) (holding that *Rocker-Feldman* barred an unsuccessful state bar applicant from

7

relitigating the refusal of Colorado Supreme Court Justices to recuse from his appeal).

This case is no exception. Almost all of Kline's claims—that he was injured by the

Kansas Supreme Court's allegedly wrongful judgment—fall squarely within the *Rooker-Feldman* doctrine.

Kline asserts the doctrine does not foreclose his claims because: (1) he is not

seeking appellate review of the disciplinary judgment; (2) his claims are not "inextricably

intertwined" with the disciplinary judgment; and (3) the judgment is "void on its face."

The district court carefully analyzed each of these arguments. This court adopts the

thorough and well-reasoned analysis as it pertains to counts one, two, and four through

nine. The district court properly ruled it lacked jurisdiction over these counts.

B.

The district court ruled the *Rooker-Feldman* doctrine required dismissal of count

ten. But count ten does not challenge the indefinite suspension; rather it seeks

clarification of standards for reinstatement generally. *Rooker-Feldman* does not justify

dismissal of count ten because it does not apply "when the relief sought by the plaintiffs

would not reverse or 'undo' the state-court judgment." *See Mo's Express, LLC v. Sopkin*,

441 F.3d 1229, 1237 (10th Cir. 2006).

Still, the district court did not err in dismissing count ten because it does not

present a justiciable case or controversy. *See Brady v. UBS Fin. Servs., Inc.*, 538 F.3d

1319, 1327 (10th Cir. 2008) (stating that this court may affirm for any reason supported

8

by the record, even if the reason was not relied on by the district court).  "Article III of the United States Constitution limits the jurisdiction of federal courts to the adjudication of 'Cases' or 'Controversies.'"  *Jordan v. Sosa*, 654 F.3d 1012, 1019 (10th Cir. 2011), *quoting* U.S. Const. art. III, § 2, cl. 1.  "[T]he controversy must be real and substantial, admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts." *Id.* at 1026 (internal quotation marks and alterations omitted).

In count ten, Kline asserts concern about the Kansas Supreme Court's interpretation of Disciplinary Rule 219— "Reinstatement" —based on the court's "free-wheeling application" of KRPC 8.4—"Maintaining the Integrity of the Profession: Misconduct."  Kline alleges that Rule 219 "can mean anything" and "provides no standards for Mr. Kline's behavior during the period of suspension, provides no standard for evaluating petitions for readmission, and therefore leaves decision-makers with unbridled discretion to grant or deny Mr. Kline's (or anyone's) petition for arbitrary reasons."  But the Supreme Court's decision in Kline's disciplinary case does not interpret Rule 219.  The rule would apply only to petitions for reinstatement.  His claim is thus based on hypothetical future events, "far too speculative to support a claim for declaratory relief."  *See Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011) ("It is not the role of federal courts to resolve abstract issues of law.").  The district court did not err in dismissing count ten.

9

The judgment is affirmed.