**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 27, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
———————————————————

KEVIN TAMAR DAVIS,

    Petitioner - Appellant,

v.

DAN SCHNURR,

    Respondent - Appellee.

No. 20-3048
(D.C. No. 5:19-CV-03062-SAC)
(D. Kan.)

———————————————————

**ORDER AND JUDGMENT**[*]
———————————————————

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.
———————————————————

Kevin Tamar Davis, proceeding *pro se*,[1] challenges the Kansas Department of

Children and Families' (DCF) decision classifying him as a "perpetrator of sexual

abuse" and requiring him to register on the state's Child Abuse and Neglect Registry.

The district court dismissed the action for lack of subject matter jurisdiction pursuant

to the *Rooker-Feldman* doctrine. Seeing no error, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Davis is *pro se*, we construe his filings liberally, but we do not act
as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## I.

In February 2015, Davis was convicted of two counts of aggravated indecent liberties with a child and sentenced to two consecutive terms of 25 years to life imprisonment. *State v. Davis*, 416 P.3d 171, *1 (Kan. Ct. App. 2018) (table). The DCF determined Davis was a "perpetrator of sexual abuse" and placed his name on the Kansas Child Abuse and Neglect Registry for three years, barring him from working, volunteering, or residing at a childcare facility. *Davis v. Kan. Dep't for Children and Families*, 410 P.3d 164, *1 (Kan. Ct. App. 2018) (table). Davis administratively appealed the determination. *Id.* After several years of administrative review, the State Appeals Committee ultimately rejected his position, agreeing with the DCF that Davis' status as a "perpetrator of sexual abuse" was substantiated because his guilt was proven beyond a reasonable doubt at his criminal trial. *Id.* at *2.

Next, Davis petitioned the Kansas state trial court for review of his administrative claim. *Id.* The trial court denied Davis relief, concluding "the evidence overwhelmingly support[ed] the DCF," and caselaw provided no support for his position. *Id.* (alteration in original). Davis appealed the trial court's denial to the Kansas Court of Appeals, which denied relief and affirmed the DCF's determination that Davis was a "perpetrator of sexual abuse." *See id.* at *3–*10.

In April 2019, Davis filed a 28 U.S.C. § 2254 petition in district court, again challenging the DCF's administrative decision to classify him as a "perpetrator of sexual abuse" and requiring him to register. *See Davis v. Schnurr*, No. 5:19-CV-

03062 (D. Kan. 2019).  Pointing out that § 2254 petitions are used to challenge "the validity of a conviction and sentence," the district court instead liberally construed Davis' challenge under 42 U.S.C. § 1983, because he was not challenging his criminal conviction but rather the DCF's administrative action.  Aplt. App. at 748. The district court dismissed, holding both that the state court judgment had preclusive effect, and that Davis' challenge was barred by the *Rooker-Feldman* doctrine.  *Id.* at 748–50.

Davis moved to reconsider, or in the alternative, for leave to proceed *in forma pauperis* (IFP) on appeal.  *Id.* at 752–54.  Construing his motion as a Federal Rule of Civil Procedure Rule 59(e) motion, the district court denied relief, explaining Davis had "not provid[ed] any persuasive challenge to the dismissal."  *Id.* at 760–61. However, the district court granted Davis the right to proceed IFP on appeal.  *Id.* at 761–62.

On appeal, Davis reiterates the claims made in his memorandum brief before the district court.  *See* Aplt. Br. at 5; Aplt. App. at 31–59.  At bottom, Davis attacks the state court's decision to uphold the DCF's determination that he is a "perpetrator of sexual abuse."  *See, e.g.*, Aplt. App. at 57 ("The [Kansas] Court of Appeals thereof its Memorandum Opinion [sic] only undermined Petitioner arguments.").[2]

---

[2] Davis makes the same arguments here that he made to the state appellate court.  We interpret this as a challenge to the state court's ruling on these same issues.  *Compare* Aplt. App. at 32, *with Davis*, 410 P.3d at *3.  To the extent we could construe Davis' claims as independent, merit-based challenges—and not challenges to the state court's decision on these issues—we would still dismiss the action.  Federal courts are required to give full faith and credit to state court

3

**II.**

We review a district court's dismissal for lack of subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine *de novo*. *Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir. 2017).

Federal courts lack appellate jurisdiction over claims decided in state court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Kline*, 861 F.3d at 1180–81. This jurisdictional rule, called the *Rooker-Feldman* doctrine, prevents a party who lost in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06 (1994) (citations omitted).

Here, the centerpiece of Davis' challenge is to the correctness of the state court's decision to uphold the DCF's determination. *See, e.g.*, Aplt. App. at 57 ("[T]he Appeals Court Opinion [from the Kansas Court of Appeals] was based on an unreasonable determination of facts in light of the evidence presented in the state court proceeding . . . ."). Therefore, we do not reach the merits of his claim, and

judgments, giving the judgment the same effect it would have in a court of that state, *see* 28 U.S.C. § 1738, provided the parties were given the "'full and fair opportunity' to litigate the claim" in the state proceeding, *Bolling v. City and Cty. of Denver*, 790 F.2d 67, 68 (10th Cir. 1986) (quoting *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 480–81 (1982)). Here, Davis fully litigated his alleged complaints with the DCF's determination before the state court, imbuing that judgment with a preclusive effect. *See Cain v. Jacox*, 354 P.3d 1196, 1199 (Kan. 2015) (explaining Kansas' *res judicata* standard barring successive litigation); *see also Stone v. Dep't of Aviation*, 290 F. App'x 117, 123 (10th Cir. 2008) (unpublished).

4

accordingly affirm the district court's decision to dismiss pursuant to *Rooker-Feldman*.

## III.

For the reasons explained above, we affirm the district court's dismissal.[3]

Entered for the Court

Allison H. Eid
Circuit Judge

---

[3] As we noted above, the district court liberally construed Davis' § 2254 petition as, instead, a § 1983 action. This subjects Davis to the Prison Litigation Reform Act's (PLRA) three-strikes provision. *See* 28 U.S.C. § 1915(g). We do not assess a PLRA strike as a result of today's dismissal for lack of subject matter jurisdiction. *See Carbajal v. McCann*, 808 F. App'x 620, 630 (10th Cir. 2020) (unpublished) (declining to assess a strike where the dismissal was not based on a § 1915(g) ground); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1058 (9th Cir. 2016) (holding dismissal based on *Younger* abstention did not warrant a PLRA strike).