**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 30, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

_____

STEVEN A. DELOGE,

     Plaintiff - Appellant,

v.

MICHAEL K. DAVIS, Chief Justice of the
Wyoming Supreme Court; E. JAMES
BURKE, former Chief Justice of the
Wyoming Supreme Court, in their official
capacities,

     Defendants - Appellees.

No. 21-8025
(D.C. No. 0:21-CV-00076-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BACHARACH**, **MURPHY**, and **CARSON**, Circuit Judges.

_____

Plaintiff Steven DeLoge is serving six consecutive life sentences in the

Wyoming Department of Corrections for his convictions on multiple counts of

second-degree sexual assault.  Plaintiff is a prolific filer in Wyoming's state courts,

unsuccessfully challenging various aspects of his convictions and sentence.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Following one of Plaintiff's appeals, the Wyoming Supreme Court issued an order barring Plaintiff from filing in any Wyoming state court without first obtaining leave from the Chief Justice of the Wyoming Supreme Court.[1]  Plaintiff then sought leave many times to file various post-conviction actions, but each time the Chief Justice denied Plaintiff's request.  Unhappy with these results, Plaintiff sued the current Chief Justice and a former Chief Justice of the Wyoming Supreme Court in federal court, alleging that the Wyoming Supreme Court's order barring him from filing and the Chief Justices' later orders denying him leave violated the First and Fourteenth Amendments to the United States Constitution.  Plaintiff seeks a declaratory judgment and injunction requiring the Chief Justice of the Wyoming Supreme Court to permit him to file his post-conviction actions in Wyoming state court.

Concluding that the Rooker-Feldman doctrine bars Plaintiff's claims, the district court dismissed the claims with prejudice for failure to state a claim.  We agree with the district court that the Rooker-Feldman doctrine applies to Plaintiff's claims, but we conclude that the doctrine deprives the district court of subject-matter jurisdiction.  Thus, exercising jurisdiction under 28 U.S.C. § 1291, we vacate the judgment of the district court and remand with instructions to dismiss Plaintiff's claims without prejudice for lack of subject-matter jurisdiction.[2]

---

[1] Before the order went into effect, the Wyoming Supreme Court permitted Plaintiff to file objections, which the court overruled.

[2] The district court denied Plaintiff's motion to proceed on appeal *in forma pauperis* because the district court determined that Plaintiff presented no nonfrivolous ground to appeal.  Plaintiff has renewed his request to proceed *in forma pauperis* in this court.  Although we agree that Plaintiff presents only frivolous

Under 28 U.S.C. § 1915A(b)(1), the district court must review prisoner actions and dismiss any that fail to state a claim upon which relief may be granted. While reviewing this action, the district court concluded that Plaintiff's claims should be dismissed for failure to state a claim because they are barred by the Rooker-Feldman doctrine. We review de novo a district court's dismissal for failure to state a claim. Young v. Davis, 554 F.3d 1254, 1256 (10th Cir. 2009) (citation omitted). In doing so, we construe Plaintiff's pro se pleadings liberally, Diversey v. Schmidly, 738 F.3d 1196, 1199 (10th Cir. 2013) (citation omitted), but we do not construct arguments for Plaintiff or advocate on his behalf, Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Under the Rooker-Feldman doctrine, lower federal courts lack subject-matter jurisdiction to consider appeals of state-court judgments. Kline v. Biles, 861 F.3d 1177, 1180 (10th Cir. 2017) (per curiam) (citation omitted). The doctrine applies when a federal plaintiff pursues a claim that an adverse state-court judgment violated his federal rights and seeks what in substance is appellate review of the state judgment. Id. (citation omitted). When determining whether a plaintiff's claims seek appellate review of a state-court judgment, we focus particularly on the relief sought. Mo's Express, LLC v. Sopkin, 441 F.3d 1229, 1237 (10th Cir. 2006) (citation

---

arguments that his claims should not have been dismissed, Plaintiff is correct that the dismissal should have been without prejudice. We therefore grant Plaintiff's motion to proceed *in forma pauperis*. In doing so, we remind Plaintiff that he must continue to make partial payments until he has paid the entire filing fee. See 28 U.S.C. § 1915(b).

3

omitted).  Rooker-Feldman generally applies when the requested relief would reverse or undo the state court's judgment.  See id.

Plaintiff's claims fall under Rooker-Feldman.  Plaintiff sued a current and former Chief Justice of the Wyoming Supreme Court, alleging that their orders and the Wyoming Supreme Court's orders violated his federal rights.  To redress his alleged injuries, Plaintiff seeks a declaratory judgment and an injunction requiring the Justices to reverse those orders.  Plaintiff argues that Rooker-Feldman does not apply because the Wyoming Supreme Court lacked jurisdiction to enter the orders he challenges.  Plaintiff cites no case or statute creating an exception to the Rooker-Feldman doctrine by granting lower federal courts appellate jurisdiction to review the jurisdictional basis of a state-court judgment.  Plaintiff can challenge the constitutionality or the jurisdictional basis of state-court orders only through the proper appellate channels.  Because Plaintiff seeks what in substance is appellate review of the Wyoming Supreme Court's orders, we and the district court lack jurisdiction to consider his claims further.

Although the Rooker-Feldman doctrine bars lower federal courts from exercising jurisdiction over challenges to state-court judgments, the district court dismissed Plaintiff's claims with prejudice for failure to state a claim upon which relief can a be granted—a dismissal on the merits.  See Federated Dep't Stores v. Moitie, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim . . . is a judgment on the merits." (quotation omitted)); Brereton v. Bountiful City Corp., 434 F.3d 1213, 1219 (10th Cir. 2006) (explaining that a dismissal is with prejudice

4

when the dismissal is on the merits). A dismissal for lack of jurisdiction must be without prejudice because it is not an adjudication on the merits.[3] Brereton, 434 F.3d at 1216. When the district court determined that the Rooker-Feldman doctrine applies to Plaintiff's claims, the court should have dismissed the claims for lack of subject-matter jurisdiction and without prejudice. Accordingly, we VACATE the judgment of the district court and REMAND with instructions to dismiss Plaintiff's claims without prejudice for lack of subject-matter jurisdiction.

VACATED and REMANDED.

Entered for the Court

Joel M. Carson III
Circuit Judge

---

[3] Dismissal without prejudice, however, does not necessarily mean that a plaintiff may amend his complaint. See Brereton, 434 F.3d at 1219. District courts need not permit a plaintiff to amend his complaint to cure jurisdictional defects when doing so would be futile even though the district court dismissed the claims without prejudice. See id.